Kathy & David **STICKLEY**, Appellants,

v.

**AUTO CREDIT, INC.**, Respondent.

**No. WD 58500.**

Missouri Court of Appeals, Western District.

July 17, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 2001.

James S. Formby, Kansas City, for appellant.

Kevin E. Glynn, Kansas City, for respondent.

Before LOWENSTEIN, P.J., ULRICH, J. and HANNA, S.J.

ULRICH, Judge.

Cathy and David Stickley appeal the summary judgment of the circuit court entered in favor of the respondent, Auto Credit, Inc., and against the Stickleys as it relates to both Auto Credit's action for unlawful detainer and the Stickleys' counter-claims for fraud, trover and conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress. The claims arose out of the sale and purchase of an automobile from Auto Credit to the Stickleys without a proper assignment of certificate of title. The Stickleys raise three points on appeal in which they claim the trial court erred, on various grounds, in entering summary judgment in favor of Auto Credit. Auto Credit filed a motion to dismiss the Stickleys' appeal for failure to comply with the requirements of Rule 84.04. The motion was ordered taken with the case.

Because it is dispositive of this appeal, Auto Credit's motion to dismiss is addressed. In its motion to dismiss, Auto Credit alleges various deficiencies in the Stickleys' brief. Auto Credit asserts that the numerous deficiencies in the statement of facts, the points relied on, and the argu-

ment violate the mandatory briefing requirements of Rule 84.04.

 Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and arguments that have not been asserted. *Wilson v. Carnahan*, 25 S.W.3d 664, 667 (Mo.App. W.D.2000). "It is not the function of the appellate court to serve as advocate for any party to an appeal." *Id.*

### Statement of Facts: Rule 84.04(c) and (i)

 Rule 84.04(c) requires that the statement of facts in an appellant's brief "be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). These requirements regarding the statement of facts section of an appellant's brief serve to define the scope of the controversy and afford the appellate court an immediate, accurate, complete, and unbiased understanding of the facts of the case. *Perkel v. String-fellow*, 19 S.W.3d 141, 146 (Mo.App. S.D. 2000). "A statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient." *Parnes v. Centertainment, Inc.*, 14 S.W.3d 145, 147 (Mo.App. W.D.2000) (*quoting Angle v. Grant*, 997 S.W.2d 133, 134 (Mo.App. S.D.1999)). Failure to conform the statement of facts to the requirements of Rule 84.04(c) constitutes grounds for dismissal. *McKee v. Wilmarth*, 771 S.W.2d 955, 956 (Mo.App. W.D.1989).

 The statement of facts in the Stickleys' brief contains an extensive, but unnecessary, procedural history of the case but fails to provide sufficient facts relating to the controversy on appeal. The few facts asserted in this section are conclusory and argumentative. The Stickleys as-

sert statements not supported by page references to the legal file or transcript as required by subparagraph (i) of Rule 84.04. Additionally, in the last paragraph of the statement of facts section, the Stickleys simply incorporate by reference the pleadings, motions and suggestions in support and opposition thereto in an attempt to shorten the statement of facts. This very statement defeats the purpose of a clear and concise statement of facts and requires this court to delve into the record to garner a complete and accurate understanding of the case, which this court is not obligated to do. *Wilson*, 25 S.W.3d at 667. Because of the lack of a proper statement of facts, the Stickleys' brief is not understandable without continuous reference to the record on appeal.

### Points Relied On: Rule 84.04(d)

 Rule 84.04(d) requires that the points relied on shall state briefly and concisely what actions or rulings of the court are challenged and why, in the context of the case, the legal reasons identified support the claim of reversible error. Rule 84.04(d). The points should be followed by a list of citations of authorities, including cases, not to exceed four, and constitutional, statutory and regulatory provisions or other authority upon which a party principally relies. Rule 84.04(d). The purpose of these briefing requirements regarding points relied on is to give "notice to the party opponent of the precise matters which must be contended with and answered" and "to inform the court of the issues presented for resolution." *Perkel*, 19 S.W.3d at 147 (*quoting Thummel v. King*, 570 S.W.2d 679, 685–86 (Mo. banc 1978)). Failure to conform the points relied on to the requirements of Rule 84.04(d) constitutes grounds for dismissal. *McKee*, 771 S.W.2d at 957.

The Stickleys' points relied on read:

## I.

The Circuit Court of Jackson County, Missouri, Division 18, erred in sustaining the motion of Plaintiff, Auto Credit, Inc., for summary judgment on all claims presented in its Petition, because it affirmatively pleaded a fact which was admitted by the Defendant and which together with the testimony of Plaintiff's alter-ego, Michael L. Leonard, conclusively showed that Plaintiff's Petition failed to state any claim or cause of action upon which relief could have been granted, in that the aforesaid pleading and testimony conclusively showed that Plaintiff purchased the automobile from another in violation of Missouri Revised Statutes Annotated § 301.210(4) and, therefore, never obtained the ownership or the right to possession of the vehicle which Plaintiff later attempted to sell to Defendants.

## II.

The Circuit Court, Division 18, erred in completely reversing the judgment of a trial judge in a bench tried case, because after Plaintiff requested and was granted a trial de novo and demanded a jury trial, then abandoned the granting of a trial de novo at its request and its demand for jury trial and, thereafter, filed its Motion for Summary Judgment in its favor on its Petition and all counts on Defendants' counterclaims, in that Plaintiff never presented any evidence of any kind in support of its Petition or in opposition to Defendants' Counterclaims and had never filed any pleading in opposition to Defendants' Counterclaims or sought relief therefrom in its trial motion.

## III.

The Circuit Court, Division 18, erred in overruling Defendants' motion for an order to compel Plaintiff's alter-ego, Michael L. Leonard, to answer material and relevant questions under oath in his deposition, where he had refused to answer those questions and had been instructed by his counsel not to answer, because Defendants' counsel had provided evidence in the deposition which created a reasonable inference that Plaintiff was transferring, commingling, or hiding assets; and Plaintiff, although having been granted the right to trial de novo and having demanded a jury trial, had not posted the recognizance required by V.A.M.S. § 512.190 to stay execution on the judgement, in that Plaintiff's refusal to answer relevant and material questions and his counsel instructing him not to answer those questions, was intended to obstruct justice and prevent execution on the judgment of the trial court.

The Stickleys' points do not satisfy the minimum requirements of 84.04(d). The points relied on asserted by the Stickleys are at the very least incoherent, and unquestionably neither brief nor concise. The points set out specific allegations of trial court error but do not support the claim of error with legal reasons or explain how the case specific details support the legal reasons. The requirements of Rule 84.04(d) are not satisfied. To articulate the points the Stickleys may be attempting to assert requires speculation, research, and decision making as an advocate, an inappropriate role for an appellate court.

### Argument: Rule 84.04(e) and (i)

██ Rule 84.04(e) requires that the argument section shall, in order, restate the points relied on and discuss under each point the argument relating to such point. Rule 84.04(e). The argument is limited to only those errors asserted in the points relied on. *Id.* "The argument shall also include a concise statement of the applica-

ble standard of review for each claim of error." *Id.* Additionally, "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." Rule 84.04(i).

The argument portion of the Stickleys' brief fails to sufficiently advise this court of the contentions asserted or the merits of the appeal. To begin with, the brief provides an incorrect statement of the applicable standard of review, if it states any standard of review. The Stickleys appeal the summary judgment of the circuit court, which is reviewed essentially de novo. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). The Stickleys, however, provide two separate standards of review, neither of which is applicable to the review of summary judgment.

The Stickleys' arguments under the three individual points each contain numerous paragraphs that set out one or more separate propositions. The propositions stated in one paragraph are often not related to the matter asserted in the next paragraph; thus the brief fails to develop a cohesive argument. No explanation is given relating how the propositions asserted are determinative to the outcome of the appeal. Moreover, the arguments asserted under each point exceed the arguments raised in the points relied on. Furthermore, the assertions made are not supported by page references to the legal file or transcript as mandated by subparagraph (i) of Rule 84.04, again requiring this court to search the legal file in an attempt to make sense of the arguments asserted. For these reasons, the Stickleys' brief does not sufficiently advise this Court of the arguments asserted on appeal, and thus the argument section fails to comply with Rule 84.04(e).

Because the Stickleys' brief fails to comply with Rule 84.04(c), (d), (e), and (i),

it presents nothing for appellate review. *Mace v. Daye*, 17 S.W.3d 154, 156 (Mo. App. W.D.2000). Accordingly, Auto Credit's motion to dismiss the appeal for failing to comply with Rule 84.04 is sustained. The appeal is dismissed.

LOWENSTEIN, P.J., and HANNA, S.J., concur.