Eric (E.J.) WRIGHT and Kevin
M. Laughlin, Plaintiffs–
Appellants,

v.

Mike RANKIN, et al., Defendants–
Respondents.

Nos. 24751, 24765.

Missouri Court of Appeals,
Southern District,
Division Two.

July 16, 2003.

Jerry M. (Jay) Kirksey, Douglas, Lynch, Haun & Kirksey, P.C., Bolivar, for appellants.

Joseph A. Bohrer, Yates, Mauck, Bohrer, Elliff & Croessmann, P.C., Springfield, Henry V. "Hank" Griffin, Hollister, for respondents.

JOHN E. PARRISH, Judge.

In No. 24751 Eric (E.J.) Wright and Kevin M. Laughlin (plaintiffs) appeal a judgment declaring John Lewis and David Tate (collectively referred to as defendants) did not purposely violate provisions of Chapter 610 (the Sunshine Law).[1] Defendants cross-appeal in No. 24765 asserting that findings included in the findings and conclusions of the trial court are without evidentiary support and without factual basis. No. 24751 is affirmed. No. 24765 is dismissed.

Plaintiffs brought an action in which they alleged certain government agencies

---

1. References to statutes are to RSMo 2000, unless stated otherwise.

within Taney County, Missouri, together with Branson Lakes Area Chamber of Commerce/Convention and Visitors Bureaus, Branson Regional Economic Development Association, and representatives of those agencies and organizations formed an entity designated the Branson Regional Convention Center Committee (the committee). The committee consisted of the mayors and city administrators of Branson and Hollister, the Taney County presiding commissioner, directors of Branson Lakes Area Chamber of Commerce/Convention and Visitors Bureau and Branson Regional Economic Development Association, and two area citizens. John Lewis was administrator of the City of Hollister. David Tate was mayor of the City of Hollister.

Plaintiffs contended defendants intentionally violated and attempted to circumvent the Sunshine Law. Plaintiffs requested the trial court to impose a civil fine of $500 against any one or both of defendants if either or both were found to have violated the Sunshine Law. They requested the trial court "to order any individual committee member found to have intentionally violated the Sunshine Law, ... to pay all of Plaintiffs' costs and reasonable attorney's fees."[2]

The trial court made written findings of fact and conclusions of law. It entered judgment that declared defendants did not purposely violate the Sunshine Law.

■ This being a court-tried case, this court's review is undertaken pursuant to Rule 84.13(d). The judgment will be affirmed unless there is no evidence to support it, the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law. *Klee-*

*man v. Kingsley*, 88 S.W.3d 521, 522 (Mo. App.2002).

### *Plaintiffs' Appeal—No. 24751*

■ Plaintiffs' Point I asserts the trial court finding that defendants did not purposely violate the Sunshine Law was against the weight of the evidence. Plaintiffs argue that this court should consider the admonition in *Spradlin v. City of Fulton*, 982 S.W.2d 255, 263 (Mo. banc 1998), that "members of governmental bodies are on notice that the provisions of the open meetings law will be strictly enforced and that our trial courts will have less latitude to avoid a finding of a purposeful violation." Plaintiffs, by Point I, ask this court to weigh the evidence that was submitted to the trial court and "determine whether [defendants] acted purposefully and the finding of the lower court was against the weight of the evidence." This court declines.

■ Appellate review is not undertaken with unfettered discretion. "The [appellate] court shall give due regard to the opportunity of the trial court to have judged the credibility of witnesses." Rule 84.13(d)(2).

We defer to the trial court's superior ability to view the witnesses and determine credibility; the court is free to believe or disbelieve all, part or none of the testimony given by any of the witnesses. *Price v. Price*, 921 S.W.2d 668, 671 (Mo.App.1996). Consequently, we accept the evidence and inferences favorable to the trial court's ruling and disregard contrary evidence. *Welker v. Welker*, 902 S.W.2d 865, 867 (Mo.App. 1995).

---

**2.** The petition was in four counts. Count I was the only count directed to defendants. The other counts were directed to other party-defendants who were dismissed from the ac-

tion prior to entry of judgment. Those counts were thereby rendered moot and are of no consequence in this appeal.

*Klockow v. Klockow,* 979 S.W.2d 482, 487 (Mo.App.1998). "The weighing of the evidence is a matter for the trial judge who hears the witnesses and is in a position to judge their credibility." *State v. Bohlen,* 545 S.W.2d 673 (Mo.App.1976). Point I is denied.

■ Point II contends the trial court erred in applying the law by failing to consider awarding reasonable costs and attorney fees under § 610.027.3. Section 610.027.3 permits a trial court to award all costs and reasonable attorney fees to any party who successfully establishes a violation of provisions of the Sunshine Law. Plaintiffs were not successful in that endeavor. Point II is denied.

No error of law appears. Further opinion would have no precedential value. The appeal in No. 24751 is denied. The judgment will be affirmed in compliance with Rule 84.16(b).

### Defendants' Cross–Appeal—No. 24765

Defendants' cross-appeal is not directed to the judgment in this case that found they had not purposely violated the Sunshine Law. It complains of language in the decretal paragraph of the "Conclusions of Law and Judgment" portion of the document entered by the trial court that recites that defendants "violated the terms and provisions of the 'Sunshine Law' ..., but that those violations were not purposely." Their sole point on appeal is directed to the trial court findings (1) that the committee was subject to the Sunshine Law and (2) that there was no factual basis upon which the trial court could have concluded the failings about which plaintiffs complained violated Chapter 610.

■ Although plaintiffs have not raised an issue concerning appellate jurisdiction over defendants' cross-appeal, this court has a duty to inquire about its jurisdiction *sua sponte. Tillis v. Tillis,* 997 S.W.2d 119, 120 (Mo.App.1999).

The right of appeal exists solely by statute. *Harris v. Union Elec. Co.,* 685 S.W.2d 607, 611 (Mo.App.1985). Section 512.020, RSMo (1994) provides in relevant part, "Any party to a suit aggrieved by any judgment of any trial court in any civil cause ... may take his appeal to a court having appellate jurisdiction...." [3] A party is aggrieved when the judgment operates prejudicially and directly on his or her personal or property rights or interest and such is an immediate and not merely a possible, remote consequence. *Id.*

*Lett v. City of St. Louis,* 24 S.W.3d 157, 160 (Mo.App.2000).

At oral argument, defendants suggested the language of the trial court could be perceived by the public as a determination that defendants' actions had not been in accordance with requirements of Chapter 610; that this possibility warranted this court's review of the trial court's findings of fact and conclusions of law. The language about which defendants complain prefaced the trial court adjudication that no intentional violation of the Sunshine Law occurred and that plaintiffs' request for imposition of civil sanctions pursuant to § 610.027.3 was unwarranted. That determination was favorable to defendants. The judgment that was rendered was, in effect, a judgment for defendants.

■ Public perception that a judicial act has a meaning other than the legal determination it manifests is a remote consequence, not a grievance for which appellate review lies. "As used in § 512.020, 'aggrieved' means 'suffering from an infringement or denial of legal rights.'"

3. § 512.020, RSMo 2000, is unchanged from the 1994 revision of that statute.

*Government Employees Ins. Co. (GEICO) v. Clenny,* 752 S.W.2d 66, 68 (Mo.App. 1988) *quoting Farrell v. DeClue,* 382 S.W.2d 462, 466 (Mo.App.1964). *See also Jackson County Bd. of Election Com'rs v. Paluka,* 13 S.W.3d 684, 687–88 (Mo.App. 2000). The judgment does not infringe on or deny defendants' legal rights. Defendants are not aggrieved parties for purposes of appeal. This court, therefore, lacks jurisdiction to consider the issue defendants attempted to raise. Their appeal will be dismissed.

### Disposition of Appeals

Plaintiffs' request that this court reverse the judgment, appeal No. 24751, is denied. Defendants' appeal, No. 24765, is dismissed. The judgment is affirmed in compliance with Rule 84.16(b).

SHRUM, J., and RAHMEYER, C.J., concur.