William D. FOSTER and Jan Foster, Appellants, pro se,

v.

VILLAGE OF BROWNINGTON, Missouri and Aldermen Kenneth Miller, Barry Denison, Roscoe Walter, Jan W. Vanderpool, and Hattie Bea Dean, Respondents.

No. WD 62666.

Missouri Court of Appeals, Western District.

April 6, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 2004.

Application for Transfer Denied Aug. 24, 2004.

William and Jan Foster, Kansas City, pro se.

Hurley D. Mahan, Clinton, respondents.

Before RONALD R. HOLLIGER, P.J., ROBERT G. ULRICH and JAMES M. SMART, JR., JJ.

ROBERT G. ULRICH, Judge.

Appellants, William D. and Jan Foster, appeal the trial court's February 21, 2002, judgment denying their prayer seeking the trial court's declaration that action taken at a July 11, 1995, "Town Board" meeting of the village of Brownington to apply gravel to 8th Street, to which appellants' property is contiguous, was void because of the Town Board's failure to comply with Missouri's "Sunshine Statute," Chapter 610 RSMo, which requires prior notice of the meeting.[1] The gravel was applied the day following the Town Board meeting. The judgment is affirmed in part and is reversed in part.

Plaintiff/Appellants' petition asserted three claims that proceeded to trial before the court without a jury. They claimed that the July 11, 1995, meeting of the Town Board was void for its failure to comply with section 610.020 RSMo; they sought determination of their legal interest to the property on which gravel was spread as a result of the Town Board's decision at the July 11, 1995, Board meeting; and they sought assessment of a penalty against the defendants as authorized by section 610.027 for their failure to comply with the notice provisions of section 610.020 regarding an alleged "roadside" meeting of the Town Board in March of 1997. The evidence at trial included the testimony of Plaintiff/Appellant, Jan Foster, who testified that the village put gravel on her property in 1995 when it grav-

eled 8th Street, which was contiguous to the Fosters' property. The minutes of the Town Board meeting of July 11, 1995, reflecting that the Town Board had voted to gravel 8th Street were introduced. Ms. Foster testified that she went to the town hall about five p.m. the evening of July 11, 1995, and did not see a notice that the Town Board would meet that evening. Ms. Foster also testified that in March of 1997, she observed three of the four town aldermen (the Chairman of the Board, called "Mayor" by members of the community, being the fifth member of the Board, was not present) standing together on 8th Street in proximity to where the gravel had been spread on July 12, 1995, discussing something, and she took a picture of the men that was introduced into evidence. Her claim was that this gathering constituted a Town Board meeting and that, in contravention of the Sunshine Statute, no prior notice of the meeting had been given.

The evidence included several stipulations, including that the Fosters own Block 6 in the Wells Addition of the Town of Brownington, which includes lots 1 through 12 of the addition. The Fosters purchased additional property from the railroad that is contiguous to the original Foster property. The Mayor and several other persons who were on the Town Board on July 11, 1995, and in March 1997, testified. Their collective testimony was that the Town Board met every second Tuesday of every month, and that it met the evening of July 11, 1995, and voted to gravel 8th Street between BB Highway and Main Street by a vote of three in favor and one opposed. All five members of the Town Board were present the evening of July 11, 1995, as were about eighty-seven other town residents. The practice of the

---

1. This is the second appeal in this case. *See* *Foster v. Village of Brownington*, 76 S.W.3d 281 (Mo.App. W.D.2002). This court re- versed the judgment and remanded the case for retrial following the first appeal.

Town Board was to place a notice of an anticipated meeting on the front door of the community building where the Town Board met, and the Mayor testified that the notice of the July 11, 1995, meeting was posted twenty-four hours before the meeting. The Town Board attempted to gravel the roads of the town every other year; but because the town did not have sufficient funds to gravel all the roads within the town, the roads about which complaints were received were graveled when the community could afford it. Another member of the Board testified that a practice was for two or three members of the Board to traverse the town to view the streets to determine which needed gravel. Ms. Foster observed a gathering of four men on the Town Board in March 1997, and she took a picture of three of the men. The testimony of one of the men in the picture was that the men were discussing a garage recently erected by one of them.

### Standard of Review

In a judge-tried proceeding, appellate review is under Rule 84.13(d). The trial court's judgment will be reversed only if no substantial evidence supports the judgment, if the decision is against the weight of the evidence, or if the judgment erroneously declares or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). When determining whether the evidence is sufficient to support the judgment, appellate courts review the evidence and all reasonable inferences from such evidence in the light most favorable to the trial court's judgment and disregard all contrary evidence. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). On appellate review of a case tried without a jury, due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses. Rule 84.13(d)(2). The trial court is vested with the discretion to believe or disbelieve all, part, or none of any witness' testimony. *T.B.G.*, 772 S.W.2d at 654.

### Rule 84.04

Rule 84.04, Supreme Court Rules, declares the contents of the briefs filed in Missouri's appellate courts. The rule requires that a brief filed in support of an appeal contain "points relied on." Rule 84.04(a)(4) and (d). The rule states that where the court reviews the decision of a trial court, each point asserted shall

- (A) identify the trial court ruling or action that the appellant challenges;
- (B) state concisely the legal reasons for the appellant's claim of reversible error; and
- (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error* ], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error* ]."

Rule 84.04(d)(1). "Thus, the rule requires that each point relied on: (1) identify the trial court's ruling or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *Wilson v. Carnahan*, 25 S.W.3d 664, 666 (Mo.App. W.D.2000) (quoting *Hall v. Mo. Bd. of Prob. & Parole*, 10 S.W.3d 540, 543 (Mo.App. W.D. 1999)). "The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Id.* (quoting *Hall*, 10 S.W.3d

at 543). "A point relied on written contrary to the mandatory requirements of Rule 84.04(d), which cannot be comprehended without resorting to other portions of the brief, preserves nothing for appellate review." *State v. Dodd,* 10 S.W.3d 546, 556 (Mo.App. W.D.1999). The Fosters appeal pro se, but they are still held to the same standard as an attorney and, therefore, must comply with the requirements of Rule 84.04. *Woodson v. City of Independence,* 124 S.W.3d 20, 24 (Mo.App. W.D. 2004). "Substantial compliance with Rule 84.04 is mandatory." *Id.* "Requiring compliance with Rule 84.04 ensures that the appellate court does not act as an advocate for the party by speculating on facts and arguments that were not asserted." *Id.*

▆▆▆▆ Appellate courts are not obligated to review an appeal on the merits when the brief violates the requirements of Rule 84.04 and may dismiss the appeal. *Id.* 124 S.W.3d at 24–25. Liberal application of the procedural rules is promoted, however, to promote justice and minimize the number of cases disposed of on technical grounds. *Id.* (quoting *Geiersbach v. Blue Cross/Blue Shield of Kansas City,* 58 S.W.3d 636, 639 (Mo.App. W.D.2001)). Reviewing authority has discretion to review an appeal on the merits even when various parts of the brief do not comply with Rule 84.04. *Id.*

Appellants assert five points in their brief. Although the points on appeal do not comply with Rule 84.04, where a point presented can be reasonably understood, it is addressed.

### Point One

▆▆▆ Appellants assert the following as point one:

The court erred when it granted judgment to the defendant in plaintiff's (sic) count one (1) because its judgment was against the weight of the evidence, in that the court failed to give adequate weight to the rules set forth in Missouri statute § 610.020(1) & (2), pertaining to notice requirements of the Missouri Sunshine Law. In addition, defendants produced no substantial evidence [including defendant's (sic) testimony] contrary to the evidence produced by plaintiff, [I.e. plaintiff's (sic) exhibit # 24, [defendant's (sic) board minutes of August 8, 1995] to support the court's judgment.

Appellants quote as a part of point one a portion of section 610.020, which requires twenty-four hours notice of the time, date and place of each meeting of public bodies. They also quote and emphasize that portion of *Murphy v. Carron* that requires affirmation of the trial court's judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence . . . "

The essence of Appellants' claim as point one, as can best be determined, is that the evidence does not support the trial court's finding that the Town Board provided adequate notice of the July 11, 1995, Town Board meeting as required by section 610.020. Testimony during the trial by a member of the Town Board was that notice had been posted on the door of the community center where the Town Board met every second Tuesday of the month twenty-four hours in advance that a meeting of the Town Board would occur there on July 11, 1995, and included the location, date, and time of the anticipated meeting. As earlier noted, the trial court is granted determination of the credibility of the witnesses when the case is tried without a jury, and the court is the trier of fact as well as the law. *T.B.G.,* 772 S.W.2d at 654. The trial court is free to believe or disbelieve all, part or none of the testimony of any witness. *Id.* When determining the sufficiency of the evidence an appellate court will accept as true the evidence and

inferences from the evidence that are favorable to the trial court's decree and disregard all contrary evidence. *Id.* Substantial evidence was presented to support the trial court's necessary conclusion that Section 610.020 was complied with. Point one is denied.

### Point Two

Appellants' point two claims that the trial court erred because its judgment was against the weight of the evidence in that "*Koviak v. Union Electric Company,* 442 S.W.2d 934, 937 (Mo.1969) should have been the primary ruling factor in the court's judgment regarding plaintiff's (sic) count II." *Koviak* states what the court terms a "general rule":

> Where an easement only is received by a railroad company, the same rule should apply to the lands used for railroad purposes and later abandoned as applies to a public highway. Our Constitution, Article XII, § 14, declares railways to be public highways. If a highway is taken wholly off one man's property and such highway is later vacated, the use of the land goes back to the original owner, or his grantees, freed from the public use or easement. It is in the absence of evidence to the contrary that the title to the fee is presumed to be in the abutting landowners and the title of each extends to the center of the way. This presumption may be rebutted by evidence to show that the entire way has been taken from the land of only one of the abutting owners."

*Id.* at 937 (quoting *Brown v. Weare,* 348 Mo. 135, 152 S.W.2d 649, 654–55 (1941)).

Even assuming that the quoted general rule is the factor that appellants intend to emphasize, the statement that a rule of law should have been a principal factor in the trial court's consideration when it rendered its judgment is insufficient to satisfy the requirement of Rule 84.04(d), which is intended to articulate wherein and why the trial court erred to the prejudice of the appellant. *State of Mo., Dep't. of Soc. Servs., Div. of Med. Servs. v. Brundage,* 85 S.W.3d 43, 47 (Mo.App. W.D.2002). The point constitutes an abstract statement of law without showing how it was related to the ruling of the trial court, thus, preserving nothing for review. The point is denied.

### Point Three

Appellants' claim as point three is lengthy and confusing. Appellants appear to attempt to state that the trial court erred in arriving at its judgment in favor of the defendants on their count II because it received and reviewed the plat entitled "Well's Addition" in contravention of section 445.060, RSMo 2000, because the plat was not made by a county surveyor as required by the statute. The transcript reflects that Ms. Foster introduced the plat that was received by the court into evidence. A party cannot complain that the trial court improperly received evidence that was introduced by that party. *See Bowls v. Scarborough,* 950 S.W.2d 691, 702 (Mo.App. W.D. 1997)(where a party who has introduced evidence concerning a certain fact could not on appeal complain that his opponent was allowed to introduce related evidence, in rebuttal or explanation.); *Johnson v. Moore,* 931 S.W.2d 191, 195 (Mo.App. E.D. 1996)(where a party could not complain on appeal of an alleged error in which the party, by conduct at trial, joined in or acquiesced in the claimed error). The point is denied.

### Point Four

Appellants seem to claim as point four that the judgment was against the weight of the evidence as to their claim that the Town Board failed to provide notice of a Board meeting during March of

1997 when Board members were seen together by Ms. Foster and photographed by her in the vicinity of 8th Street. Appellants seem to contest that the court's judgment regarding the point is contrary to the law, also.

▮▮▮▮ Appellate review is not undertaken with unfettered discretion. "The [appellate] court shall give due regard to the opportunity of the trial court to have judged the credibility of witnesses." Rule 84.13(d)(2). Appellate courts defer to the trial court's superior ability to view the witnesses and determine credibility, and the trial court, when serving as the trier of fact, is free to believe or disbelieve all, part or none of the testimony given by any of the witnesses. *Wright v. Rankin*, 109 S.W.3d 696, 698 (Mo.App. S.D.2003). Consequently, the reviewing court accepts the evidence and inferences favorable to the trial court's ruling and disregards contrary evidence. *Id.* Thus, the weighing of the evidence is a matter for the trial judge who hears the witnesses and is in a position to judge their credibility. *Id.* at 699.

The testimony at trial included that of the men who were present on 8th Street in March of 1997 when observed and photographed by Ms. Foster. Testimony was presented that the men were discussing a garage that one of the men had recently constructed. The community has a relatively small population, and prominent members of the community may not infrequently encounter each other or meet for varied purposes. The trial court, having heard the evidence, determined that the event was not a meeting of the Town Board. Substantial evidence supports the trial court's decision. The point is denied.

### Point Five

▮▮▮ Appellants seem to claim as point five that the trial court erred in that it declared ownership in certain real property that they claim to have purchased from the Burlington Northern and Santa Fe Railroad when declaration of the ownership of the property was not sought by appellants in their petition. The trial court's judgment applicable to the point states:

> The Court finds that the Plaintiffs owned a one block square in Well's Addition to the Village of Brownington, Mo. being described as Block 6 which is made up of lots One to Twelve (both inclusive) which was bounded by Main Street on the west, "A" Street (aka Highway BB) on the east, Eighth Street on the north and Ninth Street on the south. The Plat of Well's Addition was dated March 20, 1871 and was filed in the office of the Recorder of Deeds on April 11, 1871 in Plat Book B page 53. The Plaintiffs claim ownership of a thirty (30) foot strip of land on the north, south and west sides of the real estate they own being Block 6 in Well's Addition. Plaintiffs' claim is based on their allegation that the dedication of the Well's Addition was defective and that the Village of Brownington never used the streets that were shown as dedicated. Further, the Plaintiffs claim that they acquired a portion of the real estate on the west of Block 6 indicated to be a street on the recorded plat of Well's Addition from the Burlington Northern and Santa Fe Railway Company by a Quit Claim Deed dated April 22, 1999. The Court finds that this deed conveyed no ownership to the Plaintiffs by reason that the railroad only had an easement over the property and it lost all claim thereto by abandonment of the railroad truact (sic) under the provisions of Missouri law.

Count II, paragraph numbered 2, of Plaintiff/Appellants' Fourth Amended Petition states in pertinent part, "Plaintiffs also own property, recently acquired from the Burlington Northern and Santa Fe Railroad....[S]aid recently acquired

property is not a subject of this case." Although the petition references this property, apparently to describe a complete description of the contiguous property claimed by Appellants, the property referenced constitutes the western boundary of Appellants' claimed property and was neither intended by Appellants to constitute a portion of property litigated nor was it a portion necessary for determination of the issues presented. The dispute emanates from property claimed by Appellants on the northern boundary of their property. Evidence presented by the parties did not reflect on the claimed ownership of the referenced property. Therefore, that portion of the judgment that states:

> Further, the Plaintiffs claim that they acquired a portion of the real estate on the west of Block 6 indicated to be a street on the recorded plat of Well's Addition from the Burlington Northern and Santa Fe Railway Company by a Quit Claim Deed dated April 22, 1999. The Court finds that this deed conveyed no ownership to the Plaintiffs by reason that the railroad only had an easement over the property and it lost all claim thereto by abandonment of the railroad truact (sic) under the provisions of Missouri law.

is stricken and is void. The point is granted.

That portion of the judgment purporting to declare ownership rights in property purportedly purchased by Appellants from Burlington Northern and Santa Fe Railroad is reversed, and the trial court is directed to expunge that portion of the judgment specifically referenced under Point Five above. The remainder of the judgment is affirmed.

HOLLIGER, J. and SMART, J., concur.