**JUST ENTERPRISES, INC., and Tina Dobrauc, Individually, Plaintiffs–Respondents,**

v.

**Teresa SPRUCE a/k/a Michael James White and David Johnson, Defendants,**

and

**Mary Shinn, Intervener–Appellant.**

No. 27972.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 23, 2008.

William J. Fleischaker, Joplin, MO, for intervener-appellant.

David J. Riesenmy, Joplin, MO, for respondents Just Enterprises, Inc., and Tina Dobrauc.

Teresa Spruce, pro se.

NANCY STEFFEN RAHMEYER, Judge.

Mary Shinn ("Appellant") sought a declaratory judgment that she was the owner of the stock of Just Enterprises, Inc. ("JEI"), in the Circuit Court of Jasper County, Missouri. The trial court found that Tina Dobrauc ("Respondent"), and not Appellant, was the true owner of the JEI stock. Appellant, in her sole point, claims the judgment is not supported by substantial evidence and is against the weight of the evidence. Although Appellant acknowledges the great burden she faces when claiming a judgment is not supported by substantial evidence or is against the weight of the evidence, she challenges the credibility of the evidence and asks this Court to make credibility determinations regarding the evidence that was presented at trial. This, we cannot do.

In making our review of this court-tried case, we view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregard all evidence and inferences to the contrary. *Blair v. Blair,* 147 S.W.3d 882, 885 (Mo.App. W.D.2004). Due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses. *Foster v. Village of Brownington,* 140 S.W.3d 603, 607 (Mo. App. W.D.2004) (*citing* Rule 84.13(d)(2) [1]). Furthermore, in making credibility determinations, the trial court may believe none, part, or all of a witness's testimony. *In re Marriage of Thomas,* 21 S.W.3d 168, 177 (Mo.App. S.D.2000). As a result, issues about the credibility of witnesses are for the trial court to resolve and are not matters that appellate courts can review. *Id.*

Reviewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment, the following evidence supports the judgment of the trial court. In 1991, Just Enterprises Group, the entity that held the assets of JEI before it was incorporated, was formed by Respondent and her then husband, David Johnson. In 1992, Frank Shinn incorporated JEI and all assets of

1. All rule references are to Missouri Court Rules (2007), unless otherwise specified.

Just Enterprises Group were transferred to JEI. Because Frank Shinn was the sole incorporator and claimed the authority to transfer the stock shares of JEI, the trial court was asked to make a declaratory judgment as to the rightful owner of JEI.

At trial, three documents were admitted that purport to represent the results of JEI meetings that took place on January 11, 1992. Exhibit 23, titled "Unanimous Consent of the Incorporator," authorizes Frank Shinn to distribute 51% of the shares of JEI. That document is signed by Frank Shinn only. Respondent testified that the first time she saw that document was when it was produced for her in the discovery phase of this trial by Appellant. Respondent further testified the contents of Exhibit 23 do not reflect the results of the January 11, 1992 meeting in which she participated. The authenticity of this document was challenged, noting specifically that the document is signed only by Frank Shinn and appears to contain two type fonts. It was the function of the trial court to determine the credibility of this document. A finding that this document was not credible supports the judgment and is not against the weight of the evidence.

Although Respondent agrees that a meeting took place in her home in Neosho, Missouri, with Frank Shinn, two additional documents were presented that, according to Respondent, represent the January 11, 1992 meeting. The second and third documents that are dated January 11, 1992, titled "Written Consent in Lieu of the First Meeting of Board of Directors of [JEI]" and "Meeting Minutes for [JEI]," were presented as Exhibits B and C. The "Written Consent," Exhibit B, is signed by Frank Shinn and Respondent, and indicates that the officers of JEI will be David Johnson as President and Respondent as Vice–President and Secretary. This document does not mention any transfer of stock. Respondent verified that she signed this document and could recall its contents.

The "Minutes," Exhibit C, purport to be a record of the meeting of the officers, directors, and shareholders of JEI held on January 11, 1992, which did not include Frank Shinn. The minutes of that meeting indicate that 50% of the stock will go to David Johnson and 50% of the stock would go to Respondent.[2] In order to make a judgment, the trial court was required to accept some of the documents and reject others. The judgment indicates that the trial court found Exhibits B and C to be credible and rejected Exhibit 23. Exhibits B and C support the judgment of the trial court.

On the other hand, a stock certificate, Exhibit H, offered by Appellant, indicated that in January of 1992, just after incorporation of JEI, Frank Shinn purported to issue 15,300 shares, or 51% of the stock in JEI, in the name of his mother, Wanda Shinn. The stock certificate was signed by Frank Shinn as "acting secretary." There is no evidence in the record that Frank Shinn was ever given authority to issue stock, nor is there any evidence in the record that JEI identified him as "acting secretary" for any purpose. Appellant relies upon the stock certificate, which was issued to Wanda Shinn, as dispositive evidence of ownership of the corporation.[3]

2. Appellant challenges those minutes because they were recreated by Respondent in 2000, long after the events; however, the trial court apparently accepted Respondent's testimony and the documents produced by her.

3. Appellant claims that Wanda Shinn transferred 15,300 shares, her 51% of the JEI stock, to Appellant in November of 2003.

A stock certificate, however, is only documentary evidence of title to stock; while it does raise a presumption of ownership, this presumption is rebuttable. *Johnson v. Johnson,* 764 S.W.2d 711, 715 (Mo.App. E.D.1989). At trial, the ownership was rebutted by the evidence that Frank Shinn never had any power to issue the stock, as acting secretary or otherwise, and that the directors and officers of the company had already distributed 100% of the stock in JEI. As presented to the trial court, this evidence was sufficient to overcome the presumption of ownership created by the stock certificate and supports the judgment of the trial court.

The trial court also had often-contradictory testimonial evidence to make its determinations. For instance, the court was presented with testimony from a prior dispute with the Federal Communication Commission ("FCC"). Part of that controversy involved questions regarding the ownership of JEI. In December of 1996, during the FCC proceedings, Respondent made statements, under penalty of perjury, that the owners of JEI were Respondent and David Johnson. At the same proceedings, Teresa Spruce made statements, contrary to her statements in this record, that David Johnson and Respondent were in fact the owners of JEI. Frank Shinn, who was also involved in the FCC litigation, filed a verified answer to the FCC pleading admitting that the owners of JEI were Respondent and David Johnson. Because this answer was filed in June of 1994, which was after the incorporation of JEI and after the assets of Just Enterprises Group had been transferred, the trial court could have found that Frank Shinn was referring to JEI.

The court further heard the testimony that the corporate charter of JEI was forfeited when the company failed to file the required annual registration reports. When the petition for reincorporation was filed by Respondent, Respondent was listed as the registered agent and vice-president of JEI in the filings to the Secretary of State. Although Frank Shinn, David Johnson and Teresa Spruce, collectively, also attempted to file a petition for reincorporation, for reasons unexplained in the record, the Secretary of State accepted Respondent's petition for reincorporation over their petition.

Further support for Respondent's claims come from two different proposals submitted to Respondent by Cosmic Creations, LLC, an entity formed by Appellant, in regards to purchasing her interest in JEI. The obvious conclusion made by the trial court, that Appellant would not attempt to purchase an interest in JEI from Respondent if Respondent did not in fact own an interest, is a reasonable conclusion that supports the judgment of the trial court.

The trial court had the benefit of hearing the live testimony of the witnesses regarding the exhibits and prior testimony. The trial court was acting within its authority when it determined the credibility of the witnesses and assigned weight to the evidence presented. The trial court was free to believe none, part, or all of the testimony of any of the witnesses. *Savannah Place, Ltd. v. Heidelberg,* 122 S.W.3d 74, 86 (Mo.App. S.D.2003). There was substantial evidence to support the judgment of the trial court and it was not against the weight of the evidence. Appellant's point is denied.

The judgment is affirmed.

BARNEY, P.J., SCOTT, Sr.J., concur.