Gregory Kent **LENZ**, Petitioner–
Appellant,

**v.**

Susan Roberta **LENZ**, Respondent–
Respondent.

No. SD 32265.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 31, 2013.

Gregory K. Lenz, Mount Vernon, MO, pro se appellant.

David A. Fielder, Springfield, MO, for respondent.

MARY W. SHEFFIELD, J.

Gregory Kent Lenz ("Father") appeals from the trial court's judgment modifying his child support obligation. However, Father's notice of appeal was not timely filed. Therefore, his appeal is dismissed.

### Factual and Procedural Background

Father's marriage to Susan Roberta Lenz ("Mother") was dissolved by order of the court in 2006. The parties were awarded joint legal and joint physical custody of the two children born during the marriage, and the parenting plan detailed Father's visitation schedule with the children. Father was ordered to pay monthly child support. The trial court later modified the judgment with respect to the amount of Father's child support obligation.

On November 12, 2009, Mother filed a motion to modify the dissolution decree with respect to the amount of Father's child support obligation and for a determination of child support arrearages. Father responded with a counter-motion seeking modification of both visitation and his child support obligation. The case was referred to a family court commissioner. At the beginning of the hearing before the Commissioner, Father announced he would pursue only his request to modify child support and would withdraw his request to modify visitation. The Commissioner issued his findings on June 19, 2012.[1] The trial court adopted the Commissioner's recommendations and entered judgment accordingly on June 19, 2012. The notice of entry of judgment was mailed to the parties on the same day.

On July 18, 2012, Father filed an after-trial motion. In that motion, Father complained (1) the judgment was "absent and deficient of mandatory statutory require-

---

1. This Court does not set forth the findings as the parties are aware of the specifics.

ments," (2) he was prejudiced by "his counsels [sic] unprofessional errors,"[2] (3) the judgment was against the weight of the evidence and an abuse of discretion by the Commissioner, and (4) the judgment "was the result of passion and prejudice by [the Commissioner]." Father's motion also asserted Mother would not be injured by a new trial and "[j]ustice will not properly be served unless a new trial is granted." Father requested the trial court grant his motion for new trial or in the alternative "set the matter for an Evidentiary Hearing[.]" Following a hearing, Father's motion was denied on September 7, 2012.

Father filed his notice of appeal on September 17, 2012. We considered the timeliness of Father's notice of appeal and issued a show cause order requesting suggestions explaining why Father's appeal should not be dismissed because the notice of appeal was not timely filed. Father filed his "Reply & Suggestions In Support For Timely Appeal" arguing his post-trial motion was both a motion for new trial and a motion to amend the judgment, and therefore, his notice of appeal was timely. We then ordered the issue taken with the case.

### Discussion

In seven points on appeal, Father challenges the trial court's judgment. However, Father's notice of appeal was untimely, and therefore we dismiss his appeal.

"The timely filing of a notice of appeal is a jurisdictional requirement. Thus, if a notice of appeal is untimely, an appellate court lacks jurisdiction and must dismiss." *Thorp v. Thorp*, 390 S.W.3d 871, 875 (Mo.App.E.D.2013) (citations omitted).

"Whether this court has jurisdiction is a question of law that we review *de novo*." *Dunkle v. Dunkle*, 158 S.W.3d 823, 827 (Mo.App.E.D.2005).

Pursuant to Rule 81.04(a),[3] an appeal is effective when the notice of appeal is filed "not later than 10 days after the judgment or order appealed from becomes final." Rule 81.04(a). Thus, to determine whether Father's notice of appeal was timely, we must determine when the judgment in the present case became final.

As a general matter, Rule 81.05(a) determines the time when a judgment becomes final for purposes of appeal. It states:

(1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed.

(2) If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following:

(A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or

(B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

Rule 81.05(a).

Based on Rule 81.05(a), then, to determine when the judgment became final, we must examine whether Father's after-trial motion was timely. In the present case, that analysis requires an examination of the interplay between Rule 78.04 and Rule 130. Under these rules, the

---

**2.** Father was represented throughout the modification proceedings. His counsel withdrew prior to his filing his motion for new trial.

**3.** All rule references are to Missouri Court Rules (2013).

characterization of an after-trial motion as either a motion for new trial or a motion to amend the judgment is critical to determining whether the after-trial motion was timely filed.

■ Generally, after-trial motions in civil cases are governed by Rule 78.04, which provides that "[a]ny motion for new trial and any motion to amend the judgment or opinion shall be filed not later than thirty days after the entry of judgment." Rule 78.04. However, in juvenile and family law matters heard before commissioners, a party seeking a rehearing must file a motion within fifteen days after the mailing of the notice of the filing of the judgment of the court. Rule 130.01; Rule 130.13(a). These "special rules" for family law matters heard before a commissioner supersede all inconsistent statutes and court rules. *Dunkle*, 158 S.W.3d at 827; Rule 130.02. That is, "in a case tried before a family court commissioner under Rule [130], the applicable deadline for the filing of a motion for *new trial* or a motion for *rehearing* is 15 days from the court's mailing[.]" *Id.* at 831.

■ The rule is different with respect to motions to amend the judgment. As the Eastern District of this Court stated in *Dunkle:*

> [b]ecause Rule [130.13] is silent as to a motion to amend the judgment, it does not supersede the normal civil procedure rules with respect to that type of motion. Thus, even in cases heard by a family court commissioner, . . . the parties have 30 days from the entry of the judgment in which to file a motion to amend the judgment.

*Id.* Therefore, the issue becomes whether Father's motion was a motion for new trial, a motion to amend the judgment, or both. If Father's motion was a motion for new trial, it had to be filed within 15 days of the court's mailing; if Father's motion was a motion to amend the judgment it had to be filed within 30 days after the entry of judgment.[4]

■ Father's motion, entitled "Petitioner–Father's Motion for a New Trail [sic]: Pursuant RULE 78 with Affidavit[,]" cannot be construed as a motion to amend the judgment. Generally speaking, "in evaluating whether a pleading is an authorized after-trial motion, we do not concern ourselves with the title of the pleading or with a party's citation to a particular Rule, but we look instead to the substance of the pleading." *State ex rel. Missouri Parks Ass'n v. Missouri Dept. of Nat. Resources*, 316 S.W.3d 375, 382 (Mo.App.W.D.2010). In looking at the substance of the pleading, the paragraph specifying the relief sought has been called "the critical paragraph[.]" *Gipson v. Fox*, 248 S.W.3d 641, 644 (Mo.App.E.D. 2008).

In the present case, *nothing* in Father's motion, Father's "Suggestions In Support And Points Relied Upon For A Post Trial Motion[,]" or Father's "Post Trial Memorandum Of Law" sought any relief other than a new trial. To the contrary, Father specifically limited his discussion in all of these post-trial filings to his request for a new trial, and went so far as to say "the only remedy is a new trial." Father's after-trial motion was a motion for new trial.

4. Our conclusion in this case could be seen as contrary to this Court's decision in *Wilson v. Whitney*, 81 S.W.3d 172 (Mo.App.S.D.2002), which discussed Rule 78.04 in determining which of two judgment was effective where a motion for new trial had been filed resulting in the entry of an amended judgment. However, the motion in that case had been filed within 15 days so it would have been timely under either rule. Thus, we were not faced with the precise issue presented in the present case. *See Dunkle*, 158 S.W.3d at 830.

■ Because we have determined Father's motion was a motion for new trial, he was bound by the timeline found in Rule 130. The motion had to be filed within 15 days of the mailing of the notice of the filing of the judgment of the trial court. Rules 130.01, 130.13(a). In this case, the docket entry shows that the trial court adopted the recommendations of the Commissioner, entered judgment, and mailed notice of entry of the final judgment to the parties on June 19, 2012. Father's motion was filed twenty-nine days later on July 18, 2012, well outside the fifteen-day window prescribed by Rule 130.13(a). Because no timely authorized after-trial motion was filed, the judgment became final after thirty days. Rule 81.05(a). Thirty days from June 19, 2012, was July 19, 2012. After that date, Father had an additional ten days in which to file the notice of appeal. Rule 81.04(1). Thus, Father's notice of appeal was due on or before July 29, 2012. Father's notice of appeal was not filed until September 17, 2012. Therefore, Father's notice of appeal was untimely.

Because Father's notice of appeal was not timely filed, we are without jurisdiction to consider the merits of his appeal.

### Decision

Father's appeal is dismissed.

JEFFREY W. BATES, P.J., and DON E. BURRELL, J., concur.