Angela T. Quigless, J.
*18 Stephen J. Christensen and Caroline L. Christensen ("Appellants") appeal from the circuit court's grant of summary judgment in favor of U.S. Bank National Association ("Respondent") on its claim for unlawful detainer, under Section 543.030.[1] Appellants raise one point on appeal, arguing "[t]he process of requiring a separate action for claims of wrongdoing in a real estate setting is unconstitutional." We dismiss Appellants' appeal for failure to comply with the mandatory briefing requirements of Rule 84.04.[2]
Factual and Procedural Background
In 2007, Appellants took out a loan on their home and executed a deed of trust encumbering the property. The deed of trust was subsequently assigned to Respondent. After Appellants defaulted on their home loan, Respondent foreclosed on the property pursuant to the terms of the deed of trust. Respondent appointed a Successor Trustee to handle the foreclosure sale.
On July 6, 2016, the Successor Trustee sent a letter by certified mail to Appellants notifying them that they were in default on the loan and demanding payment for the outstanding balance of the loan. The letter notified Appellants that Respondent had elected to foreclose on the property and a foreclosure sale would be held on July 28, 2016. Notice of the foreclosure sale was also published in the St. Louis County Legal Ledger daily from July 8, 2016 through July 28, 2016. On July 28, 2016, the foreclosure sale was held and the property was sold to Respondent as the highest bidder. On October 21, 2016, the Successor Trustee sent Appellants a letter notifying Appellants the property was sold at the foreclosure sale and demanding Appellants immediately vacate the property. Appellants refused to deliver possession of the property to Respondent upon demand, and remained in possession of the property from the date of the foreclosure sale until the filing of this case.
On October 25, 2016, Respondent filed an unlawful detainer claim against Appellants, seeking immediate possession of the property and damages for double the fair market monthly rental value of the property since the date of the foreclosure sale. Respondent filed a motion for summary judgment arguing uncontested evidence supported every element of its claim.
After hearing oral arguments, the circuit court granted the motion, entered judgment in favor of Respondent, and awarded Respondent immediate possession of the property, and $1,000 per month in damages for lost rents and profits. Appellants filed a motion for a new trial, which was denied by the trial court. This appeal follows.
Discussion
Appellants' sole point on appeal states: "The process of requiring a separate action for claims of wrongdoing in a real estate setting is unconstitutional." The argument section of Appellants' brief appears to argue that the unlawful detainer statute, *19 Section 543.030, is unconstitutional and violates his due process rights because "[t]he inability of a party to properly defend [by challenging the underlying foreclosure] and litigate all actions [against the foreclosing bank] in an unlawful detainer situation creates an untenable and unconstitutional situation."
I. Failure to Comply with the Briefing Requirements of Rule 84.04
We must first address the deficiencies contained within Appellants' brief. The facts section, point relied on, and argument section of Appellants' brief all fail to comply with the mandatory briefing requirements of Rule 84.04.
Appellants' statement of facts is one paragraph long and does not mention a single fact pertaining to the underlying case. The only facts mentioned are the dates for certain procedural actions taken in the circuit court. This fails to comply with Rule 84.04(c)'s requirement that Appellants' brief contain a "fair and concise statement of the facts relevant to the questions presented for determination without arguments." Rule 84.04(c). Appellants do not even mention a single fact relating to the foreclosure sale or Appellants' possession of the property. An appellant's failure to provide a fair and concise statement of facts is a sufficient basis to dismiss an appeal. Brown v. Ameristar Casino Kan. City, Inc. , 211 S.W.3d 145, 147 (Mo. App. W.D. 2007).
Additionally, Appellants' point relied on states, in its entirety: "The process of requiring a separate action for claims of wrongdoing in a real estate setting is unconstitutional." This fails to comply with Rule 84.04(d)(1)'s requirement that each point relied on "(A) identify the trial court ruling or action that appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case , those legal reasons support the claim of reversible error." Rule 84.04(d)(1) (emphasis added). "The requirements of Rule 84.04(d) are mandatory and must be strictly applied." Brown , 211 S.W.3d at 147. Appellants' point fails to identify any trial court ruling, fails to mention the law that is purportedly unconstitutional, and fails to explain why that unnamed law is unconstitutional in the context of the case or even what provision of which constitution the law purports to violate. Additionally, Appellants' point relied on fails to substantially follow the format set out in Rule 84.04(d)(1).[3]
Finally, the argument section of Appellants' brief is deficient for two reasons. First, it raises arguments that are not included in the point relied on, in violation of Rule 84.04(e)'s requirement that the argument "shall be limited to those errors included in the 'Points Relied On.' " Rule 84.04(e); see Moseley v. Grundy Cty. Dist. R-V Sch. , 319 S.W.3d 510, 513 (Mo. App. E.D. 2010). Second, the argument section does not contain a single citation to the legal file, in violation of Rule 84.04(e)'s requirement that "factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal." The argument section "should show how the principles of law and the facts of the case interact.... When an appellant fails to cite relevant *20 law and explain how it applies to the applicable facts, we deem the point abandoned." Brown , 211 S.W.3d at 147-48. Dismissal of an appeal is warranted when appellant's failure to discuss the facts of the case and make specific reference to the relevant portion of the record would require this Court "to comb the record for support of factual assertions in a brief" because it would require us to, "in effect, become an advocate for the non-complying party." Wong v. Wong , 391 S.W.3d 917, 919 (Mo. App. E.D. 2013) (citing Rogers v. Hester , 334 S.W.3d 528, 535 (Mo. App. S.D. 2010) ).
Substantial compliance with Rule 84.04 is mandatory because compliance with the rule "ensures that the appellate court does not act as an advocate for the party by speculating on facts and arguments that were not asserted." Woodson v. City of Indep. , 124 S.W.3d 20, 24 (Mo. App. W.D. 2004). Although appellate courts are not obligated to review an appeal on the merits when the brief violates the requirements of Rule 84.04, and may dismiss the appeal, "the procedural rules are to be liberally construed to promote justice and minimize the number of cases disposed of on technical grounds." Id. We acknowledge that dismissal for failure to comply with the briefing requirements of Rule 84.04 is not favored, and that this Court should decide appeals on the merits if possible. Rayman v. Abbott Ambulance, Inc. , No. ED105126, --- S.W.3d ----, ----, 2018 WL 614911 at *4, 2018 Mo. App. LEXIS 79 at *9 (Mo. App. E.D. Jan. 30, 2018). However, an appeal will be dismissed for a violation of Rule 84.04 is "when the infraction frustrates or impedes our ability to review the case [because it] 'fails to give notice to the other party and to the appellate court of the basis for the claimed error.' " Id. (quoting Bolz v. Hatfield , 41 S.W.3d 566, 571 (Mo. App. S.D. 2001) ); J.A.D. v. F.J.D. , 978 S.W.2d 336, 338 (Mo. banc 1998).
We find dismissal is warranted in this case because the deficiencies in Appellants' brief are so numerous and egregious that they impede our ability to review the case. The lack of specificity in Appellants' point relied on, as well as Appellants' failure to cite a single fact from the underlying case, do not provide this Court or Respondent with any notice of the basis of Appellants' claim of reversible error, and would require us to become an advocate for Appellants by combing the record in search of support for their claims of error. See Wong , 391 S.W.3d at 919.
Based on our review of Appellants' brief, we speculate that Appellants are arguing Section 543.030 is unconstitutional because the statute establishes a limited remedy to address the narrow issue of the immediate right to possession of a property, and prohibits defendants from filing counterclaims or otherwise challenging the validity of plaintiff's title.[4] Assuming this is Appellants' argument, it clearly did not put Respondent on notice because their brief addresses a completely different argument. Respondent believes Appellants' argument is that Section 543.030 is unconstitutional because the notice provisions contained therein violate due process. Although this was Appellants' primary argument to the trial court in opposing the motion for summary judgment, Appellant appears to have abandoned this argument on appeal. Berger v. Huser , 498 S.W.2d 536, 539 (Mo. banc 1973) (declining to address an argument not raised in appellants *21 point relied on). Appellants only mention "notice" once in their appellate brief, stating:
The court's own experiences would likely show that no one's mail is delivered as quickly or as efficiently as it once was. But the rules on mailing foreclosure notices have stayed exactly the same whether the real world results would clearly show that the time frame is woefully insufficient.
This single mention of "foreclosure notices"-without any supporting argument, analysis, or citation to authority-is insufficient to raise a constitutional due process challenge to the notice provisions of Section 534.030.
The vagueness of Appellants' point relied on and Appellants' failure to reference any facts in his brief or explain why they support reversal have compelled both this Court and Respondent to speculate as to the nature of Appellants' claim of error and the legal basis supporting it. The deficiencies in Appellants' brief have left this Court in the untenable position of becoming an advocate for Appellants by combing the record and the law in search of factual and legal support for Appellants' claim of error. Woodson , 124 S.W.3d at 24. This is precisely the situation the Rule 84.04 was intended to prevent. See id. ("The function of an appellate court is not to serve as advocate for the parties on appeal, and the court must carefully safeguard its role as a neutral adjudicator.")
Given Appellants' failure to substantially comply with Rule 84.04, we dismiss their appeal. We do so reluctantly, preferring instead to decide cases on the merits, but Appellants' brief is "so flagrantly deficient that we are not able to conduct a review of his case without becoming an advocate for him." Brown , 211 S.W.3d at 148.[5] Point dismissed.
Conclusion
Appeal dismissed for failure to comply with Rule 84.04.
Gary M. Gaertner, Jr., P.J., and Robert M. Clayton III, J., concur.

All statutory references are to RSMo (2000), unless otherwise indicated.

All rule references are to Missouri Supreme Court Rules (2016), unless otherwise indicated.

Rule 84.04(d)(1) requires that: "The point shall be in substantially the following form: "The trial court erred in [identify the challenged ruling or action ], because [state the legal reasons for the claim of reversible error ], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error ]." Rule 84.04(d)(1) (emphasis in original).

If this is, in fact, Appellants' argument, it was never raised to the circuit court and would not be preserved for appellate review. "[A] party cannot challenge the grant of summary judgment with facts, arguments or theories that were not presented to the trial court." Doe v. Ratigan , 481 S.W.3d 36, 55 (Mo. App. W.D. 2015).

Even if we assumed Appellants' argument is that Section 543.030 is unconstitutional because it prohibits a defendant from asserting a counterclaim in the unlawful detainer action or otherwise challenging the validity of the plaintiff's title, this argument would require us to ignore binding precedent from the Missouri Supreme Court. In Wells Fargo v. Smith , the Supreme Court expressly held that "statutory limitations on the scope of unlawful detainer actions [under Section 543.030] are not unconstitutional." Wells Fargo Bank, N.A. v. Smith , 392 S.W.3d 446, 456 (Mo. banc 2013) (emphasis removed).