

# Missouri Court of Appeals
## Southern District
### Division One

| | | |
|---|---|---|
| In the Interest of R.R.S., S.C.S., J.B.S., R.H.S., and C.M.S. | ) | |
| | ) | |
| | ) | |
| D.A.W., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | Nos. SD35707, SD35858, |
| | ) | SD35859, SD35860 and |
| DENT COUNTY JUVENILE OFFICE, | ) | SD35861 (Consolidated) |
| | ) | |
| Respondent. | ) | Filed April 24, 2019 |

### APPEAL FROM THE CIRCUIT COURT OF DENT COUNTY

Honorable Benjamin Thompson

AFFIRMED

In these consolidated appeals, D.A.W. ("Mother") appeals the trial court's August 8, 2018 judgment ("TPR judgment") terminating her parental rights to five of her children: R.R.S., S.C.S., J.B.S., R.H.S., and C.M.S. (collectively "the children").[1] After giving a procedural background, we will address and discuss Mother's three points relied on asserted in her brief in

---

[1] The trial court executed a single judgment terminating Mother's parental rights to the children and entered it in each child's individual TPR case. Mother appropriately filed a Notice of Appeal of the trial court's judgment in each child's individual TPR case, accordingly resulting in an appeal case for each child. By written order, this court consolidated those five appeals "for all purposes."

1

the order she presented them.  Determining that Mother has failed to demonstrate the TPR judgment is incorrect, we affirm.

### Procedural Background

The Children's Division of the Missouri Department of Social Services ("Children's Division") initiated these termination of parental rights ("TPR") actions by petitions filed during September 2017.  Before trial, the children's individual TPR cases were consolidated by the trial court "for the purpose of hearing[.]"  A consolidated trial was held on those petitions on May 9, 2018.  No party made a Rule 73.01(c) request for the trial court to make any findings of fact.[2] During that trial, eight witnesses provided live in-court testimony, and seven documentary exhibits were admitted into evidence.

In addition to the testimony and exhibits, the Children's Division requested that the trial court take judicial notice of "the underlying juvenile files" in each child's then-pending child abuse and neglect ("CAN") case.  The five CAN cases were initiated by petitions filed by the Juvenile Officer on January 22, 2014.[3]  Mother objected on the ground that "those files contain a tremendous number of records that are hearsay" and stated to the trial court that "[t]he matters in those five cases below should not be considered."  The trial court ruled that

> at this point I will take judicial notice of this Court's orders contained within those juvenile matters, but I will not take judicial notice and consider as evidence the entire file in each of those proceedings.  But I will take judicial [sic] of the orders that are therein.  If at a later time you wish to make some further request with regards to notice of those, I'll address those individually.

---

[2] All rule references are to Missouri Court Rules (2018).
[3] Mother's legal file only includes a docket sheet and selected court documents from one child's CAN case.  Mother represents to this court in her reply brief that the records in all five CAN cases are "virtually identical."  We have no reason to doubt Mother's representation and rely upon it in this opinion in discussing the CAN cases.

The trial court also took judicial notice of the investigation and social summary filed by the Children's Division in the TPR cases on March 5, 2018, to "consider that as evidence for the Court's best interest determination." The trial court admitted no other evidence during the trial.

After the taking of evidence concluded and all parties had rested, the trial court called for closing arguments. Mother immediately inquired of the trial court, "could we do closing arguments in writing?" The trial court responded, "I will take closing arguments orally at this time, and if you wish to have an opportunity to submit some writing to the Court before I make a decision and judgment, I will give you that opportunity." Mother chose to forego any oral closing argument, as invited by the trial court. The trial court thereafter gave Mother until May 21, 2018, to file "any post-trial argument or memorandum" and gave the other parties three days thereafter within which to file a reply thereto, if any, so that the trial court would "be able to make a decision by May 25th." On May 21, Mother filed a document she titled and internally referred to as her "Closing Argument." The first paragraph of that document states,

> In addition to the Court taking judicial notice of the Findings and Order of the Court, [Mother] would agree to the request of the attorney for [Children's Division] to take judicial notice of the entire file, but only to the extent of the Court Reports filed by [Children's Division] through December 31, 2015. [Mother] believes there is substantive information in these Court Reports to which this Court should be privy and be able to take judicial notice.

Mother, however, made no request in her "Closing Argument" or by separate motion for the trial court to reopen the evidence for the purpose of considering admission of the referenced "Court Reports" into evidence. No party filed a reply to Mother's "Closing Argument." Nothing in the record before us supports that the trial court ever admitted any "Court Reports" from the children's CAN cases into evidence. Nor has Mother directed us to anything in the record supporting that the trial court considered or relied upon any such "Court Reports" in entering the TPR judgment.

3

On August 8, 2018, the trial court entered the TPR judgment terminating Mother's parental rights to the children on three grounds: "the children have been abused or neglected[,]" *see* section 211.447.5(2) ("abuse or neglect ground");

> the children have been under the jurisdiction of the juvenile court for a period exceeding one year and the Court finds that the conditions which led to the assumption of jurisdiction still persist and that there is little likelihood that those conditions will be remedied at an early date so that the children can be returned to the parent in the near future[,]

*see* section 211.447.5(3) ("failure to rectify ground"); and

> [Mother] is unfit to be a party to the parent and child relationship because of a consistent pattern of committing a specific abuse including, but not limited to, specific conditions directly relating to the parent and child relationship which renders [Mother] unable to care appropriately for the ongoing physical, mental, or emotional needs of the minor child for the reasonably foreseeable future[,]

*see* section 211.447.5(6)(a) ("parental unfitness ground").[4]  After finding the existence of the abuse and neglect ground, the trial court made statutorily required findings of fact related to each of the four statutory factors listed in section 211.447.5(2)(a)-(d) ("abuse or neglect statutory factors").  Similarly, after finding the existence of the failure to rectify ground, the trial court made statutorily required findings of fact related to each of the four statutory factors listed in section 211.447.5(3)(a)-(d) ("failure to rectify statutory factors").  The trial court also found that termination of Mother's parental rights was in the best interests of the children.  Related to that finding, the trial court made statutorily required findings of fact for each of the seven statutory factors listed in section 211.447.7(1)-(7) ("best-interest statutory factors").

## Discussion

### *Point 1 – Appeal of Order Denying Visitation is not Timely*

Mother's first point relied on contends:

---

[4] All statutory references are to RSMo 2016.

The trial Court erred in terminating [Mother's] rights of visitation and contact with her children on December 8, 2015 because such termination constituted an abuse of discretion resulting in a *de facto* termination of parental rights of Appellant in violation of the Appellant's due process rights under Article I, Section 10 of the Missouri Constitution.

Almost two years before the TPR actions were initiated in the trial court by the Children's Division, the trial court in the children's CAN cases entered an order on December 8, 2015, that "[a]ll visitation and contact by [Mother] shall cease." No notice of appeal from that order or any other matter appears in the CAN case records before us in these appeals. The only notices of appeal before us now are those Mother filed in the TPR actions on September 14, 2018. The initial threshold issue on this point, therefore, is whether the notices of appeal in these TPR actions are timely filed for an appeal of the December 8, 2015 order in the CAN actions.[5] We determine they are not timely filed for such an appeal.

Under the provisions of Section 211.181, a "Finding of Jurisdiction, Judgment and Order of Disposition" was entered by the trial court in the CAN cases on March 5, 2014. That order directed that Mother's visitation with the children "shall be arranged and supervised by the Children's Division or its designee." Thereafter, as required by section 211.032.4, the trial court in the CAN cases held periodic review hearings. Following a December 8, 2015 review hearing, the trial court in the CAN cases entered on that date an "Order of Court Following Permanency Hearing" that, among other things, terminated Mother's visitation and contact with the children. This modification of Mother's visitation as allowed in the March 5, 2014 Order of Disposition was made under section 211.251.1, which provides, in relevant part, "A decree of the juvenile

---

[5] We do not address or consider, but merely assume without deciding for the purpose of our notice of appeal timeliness analysis, that the CAN proceeding and the TPR proceeding for each child are within the same juvenile case even though they are administratively assigned separate case numbers.

5

court made under the provisions of section 211.181 may be modified at any time on the court's own motion."

Section 211.261.1 provides, in pertinent part, that "[a]n appeal shall be allowed to a parent from any final judgment, order or decree made under the provisions of this chapter which adversely affects him."[6] "[T]he court's continuing jurisdiction over the child does not defeat the right to appeal." *In re L.E.C.*, 94 S.W.3d 420, 423 (Mo.App. 2003). "There is no connection between the issues in the denial of visitation and the petition for termination of parental rights sufficient to require that they be combined in a single appeal." *In Interest of N.D.*, 857 S.W.2d 835, 842 (Mo.App. 1993). As discussed in the preceding paragraph, the December 8, 2015 order was entered in the CAN cases under the provisions of chapter 211 and more particularly under section 211.251.1. That order's denial of Mother's parental visitation and contact with the children adversely affected her. *See id.* (denial of a parent's petition for custody or visitation adversely affects the parent). Section 211.261.1, therefore, afforded Mother a statutory right to appeal the December 8, 2015 order.

Section 211.261.1 further provides, however, that "Notice of appeal shall be filed within thirty days after the final judgment, order or decree has been entered[.]" Section 211.261.1. That time period is extended by ten days by the application of Rule 81.04 ("notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final") and Rule 81.05(a) ("A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed."). *In Interest of D.J.B.*, 704 S.W.2d 217, 218 (Mo. banc 1986) (Rules 81.04 and 81.05(a) apply and supersede any part of section 211.261

---

[6] "[T]he denomination requirement of Rule 74.01(a) is inconsistent with, and inapplicable to, dispositional orders of juvenile courts, and such orders are appealable pursuant to Rule 120.01 and § 211.261." *In re C.A.D.*, 995 S.W.2d 21, 27–28 (Mo.App. 1999).

inconsistent with those rules). The order Mother challenges in this point was entered by the trial court in the CAN cases on December 8, 2015. No timely authorized after-trial motion was filed. Mother's notices of appeal in the TPR cases currently before us were filed on September 14, 2018, which is more than forty days after December 8, 2015. The TPR notices of appeal, therefore, are not timely filed under section 211.261.1 and Rule 81.04 for an appeal of the December 8, 2015 order entered in the CAN cases. In the absence of a timely filed notice of appeal, we have no legal authority to entertain an appeal. *Lenz v. Lenz*, 412 S.W.3d 487, 489 (Mo.App. 2013); *In Interest of P. J. M.*, 536 S.W.2d 519 (Mo.App. 1976); *see* Rule 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final."). Mother's first point is denied.

### *Points 2 and 3 – Neither Point Demonstrates the TPR Judgment is Incorrect*

Mother's second and third points respectively contend:

> The trial court erred in its findings (paragraphs 8., 9., and 10.) of the factors allowing it to terminate the parental rights of [Mother] because none of the factors which it considered are supported by clear, cogent, and convincing evidence as required by Section 211.447.5(2), RSMo, Section 211.447.5(3), RSMo, and Section 211.447.5(6)(a), RSMo, to make a finding for termination of parental rights. [AB 20].

and

> The trial court erred in its findings (paragraph 12) that termination of the parental rights of Appellant was in the best interest of the children because the factors which it considered are not supported by a preponderance of evidence as required by Section 211.447.7, RSMo., to make a finding that termination of parental rights is in the best interest of the children.

Both points challenge certain trial court findings in the TPR judgment as being not supported by substantial evidence. We address both points together because they fail for the same reasons.

*Standard of Review*

"In reviewing termination of parental rights cases, like all types of bench-tried cases, this Court is mindful 'that circuit courts are better positioned to determine witness credibility and weigh evidence in the context of the whole record than an appellate court.'" ***In Interest of J.P.B.***, 509 S.W.3d 84, 89–90 (Mo. banc 2017) (quoting ***J.A.R. v. D.G.R.***, 426 S.W.3d 624, 626 (Mo. banc 2014)).

> This Court reviews whether clear, cogent, and convincing evidence was presented to support a statutory ground for terminating parental rights under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Therefore, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. The judgment will be reversed only if we are left with a firm belief that the order is wrong.

> Conflicting evidence will be reviewed in the light most favorable to the trial court's judgment. Appellate courts will defer to the trial court's credibility assessments. When the evidence poses two reasonable but different inferences, this Court is obligated to defer to the trial court's assessment of the evidence.

> After this Court determines that one or more statutory ground has been proven by clear, convincing, and cogent evidence, this Court must ask whether termination of parental rights was in the best interest of the child. At the trial level, the standard of proof for this best interest inquiry is a preponderance of the evidence; on appeal, the standard of review is abuse of discretion. This Court has laid to rest any argument that the clear, cogent, and convincing burden of proof requires this Court to consider any contrary evidence when reviewing whether the judgment is supported by substantial evidence.

> In reviewing questions of fact, the reviewing court is to recognize that the circuit court is free to disbelieve any, all, or none of the evidence, and it is not the reviewing appellate court's role to re-evaluate the evidence through its own perspective. The trial court receives deference on factual issues because it is in a better position not only to judge the credibility of the witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record.

***J.P.B.***, 509 S.W.3d at 90 (internal citations and quotation marks omitted).

*Mother's Brief Omits the Applicable Standard of Review*

Rule 84.04(e) requires that "[f]or each claim of error, the argument shall also include a concise statement describing . . . the applicable standard of review." Rule 84.04(e). "The standard of review is an essential portion of all appellate arguments; it outlines this court's role in disposing of the matter before us." ***Waller v. Shippey***, 251 S.W.3d 403, 406 (Mo.App. 2008). Mother's brief omits any recitation, concise or otherwise, of the applicable standard of review in the arguments under either point. "Although it may sometimes be possible to reach the merits of a claim of error that does not comply with Rule 84.04(e), noncompliance with this rule justifies dismissal of the point." ***Anglin Family Invs. v. Hobbs***, 375 S.W.3d 244, 249 (Mo.App. 2012) (internal quotation marks and citations omitted). While this omission and briefing deficiency, viewed in isolation, may not be fatal to our review of an appellant's claims of error, it nevertheless paved the way here for Mother to construct her entire brief unanchored and unmoored to the applicable standard of review, and most importantly, unrestrained by it.[7] Indeed, Mother's statement of facts, points relied on, and supporting arguments are all fatally

---

[7] Mother's misapprehension as to the applicable standard of review was pointed out extensively by the Children's Division in its responding brief. Nevertheless, in her reply brief, Mother chides the Children's Division by stating:

> Throughout its Brief, the [Children's Division] fails to distinguish between evidence, including testimony and/or opinion, and facts. That someone testifies to something does not make it a fact. Accordingly, [Mother] will be referring to many items in [Children's Division's] Statement of Facts and presenting contradictory evidence believed by [Mother] to be the fact.

Similarly, in response to the appropriate standard of review posited by Children's Division in its brief, Mother states only that she "takes issue with the [Children's Division's] opinion [p. 15] that '[t]his means that the appellate court ignores all evidence contrary to the trial court's decision', citing In re: P.L.O., 131 SW3d 782, 788-789 (Banc, 2004)[.]" Even though taking issue with that proposition, Mother nevertheless fails to cite any legal authority supporting her extensive and almost total reliance on evidence contrary to the trial court's judgment in purported support of her substantial evidence challenges. Moreover, Mother fails to acknowledge or attempt to distinguish our supreme court's observation in ***J.P.B.***, 509 S.W.3d at 90, that "[t]his Court has laid to rest any argument that the clear, cogent, and convincing burden of proof requires this Court to consider any contrary evidence when reviewing whether the judgment is supported by substantial evidence."

deficient because they are not constructed within the context of the appropriate standard of review, as set forth *supra*.

*Mother's Statement of Facts is Deficient*

Rule 84.04(c) requires that an appellant's brief contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). These requirements "serve to define the scope of the controversy and afford the appellate court an immediate, accurate, complete, and unbiased understanding of the facts of the case." ***Murphy v. City Utilities of Springfield***, 283 S.W.3d 767, 768 (Mo.App. 2009) (internal quotation marks and citations omitted). Where an appellant challenges factual propositions necessary to support the trial court's judgment as not being supported by substantial evidence, the appellant is "required to provide a statement of the evidence in the light most favorable to the judgment." ***In re Marriage of Smith***, 283 S.W.3d 271, 273 (Mo.App. 2009). Mother's statement of facts fails in this regard in at least three respects.

First, a large portion of Mother's statement of facts consists of quotations favorable to Mother and contrary to the TPR judgment taken from twelve court reports in the CAN cases (seven dated before December 31, 2015, and five dated after that date) that were never admitted into evidence by the trial court at the TPR trial or considered by the trial court in entering the TPR judgment. As previously noted, Mother objected at trial to the Children's Division's request for the trial court to take judicial notice of everything in the CAN case files. While the trial court took judicial notice of the court *orders* in those files, it expressly ruled that it would not take judicial notice or consider as evidence anything else in those files. Mother directs us to nothing in the record on appeal where the trial court reconsidered that ruling and admitted into

10

evidence any of the court reports she relies upon in her statement of facts or that the trial court in any manner otherwise considered them as evidence in entering the TPR judgment.[8]

Second, Mother's statement of facts omits any mention of or reference to the testimony of the eight witnesses who testified at trial. Mother's only citation to the 115-page trial transcript in her statement of facts is to support that the trial court took judicial notice of the court orders in the CAN cases and the March 5, 2018 investigation and social summary filed in the TPR cases. Mother then proceeds to repeatedly set out quotations from those court orders and the social summary that are favorable to her but contrary to the TPR judgment, while at the same time omitting anything in those documents favorable to the TPR judgment.

Third, Mother's statement of facts also omits any mention of or reference to six of the seven documentary exhibits offered by the Children's Division and admitted into evidence by the trial court. The only trial exhibit cited by Mother in her statement of facts is Exhibit 3, which consists of 110 pages of police reports and which was admitted into evidence without any limitation and with "no objection" by Mother. In her statement of facts, Mother recites eight brief quotations (78 words in total) from those police reports in a light favorable to Mother and contrary to the TPR judgment, but ignores all of the substantial evidence in the rest of those 110 pages that is favorable to the TPR judgment.

According to the trial transcript, six other documentary exhibits were admitted into evidence at trial: Exhibit 1, referenced as Mother's "Response to First Request of Admissions"; Exhibit 2, referenced as Mother's "Response to First Interrogatories"; Exhibit 4, referenced as

---

[8] Mother's statement in the first paragraph of her "Closing Argument" memorandum filed in the trial court over ten days after the trial had concluded was nothing more than an offer to stipulate that the trial court could and should take judicial notice of the court reports in the CAN case files dated before December 31, 2015, and consider them as evidence in the case. Nothing in the record on appeal supports that any of the other parties in the TPR case accepted Mother's offer limited only to that limited class of court reports in the files. Moreover, nothing in the record supports that the trial court, either upon Mother's motion or its own motion, reopened the evidence, took judicial notice of these court reports, or otherwise considered them as evidence in entering the TPR judgment.

11

"Female Anatomical Picture"; Exhibit 5, referenced as "Male Anatomical Picture"; Exhibit 6, referenced as "Parental Home Visit Checklist"; and, Exhibit 7, referenced as "Child Support Payment Records." Mother omits any reference to any of these six exhibits in her statement of facts.

In summary, Mother's inclusion in her statement of facts quotations from court reports in the CAN cases that were not in evidence, that were not considered by the trial court, and that cannot be considered by this court in our review of the trial court's TPR judgment renders her statement of facts not concise. *See* **Smith**, 283 S.W.3d at 273 (statement of facts containing an extensive discussion of matters not relevant to the issues raised on appeal is not concise). While we can simply strike and ignore the extraneous and irrelevant matters and quotations taken from those court reports, the remaining balance of Mother's statement of facts is reduced to merely procedural matters and, contrary to our standard of review, recitals of selected quotations from court orders in the CAN cases, the social summary, and Exhibit 3, all in a light favorable to Mother and contrary to the trial court's TPR judgment. Mother's near total reliance upon such evidence contrary to the judgment renders her statement of facts neither concise nor fair. Likewise, Mother's omission of all trial testimony, all trial exhibits save one, and essentially all evidence in the record favorable to the TPR judgment renders her statement of facts unfair. Because Mother's statement of facts is neither concise nor fair, it does not comply with Rule 84.04(c).

*Mother's Record on Appeal is Materially Incomplete*

Compounding the omission of the six trial exhibits from her statement of facts, *supra*, Mother also has failed to deposit these exhibits with our court as provided by Rule 81.16(a) and

12

this Court's Special Rule 4.[9]  "If original exhibits are necessary to the determination of any point relied on, they shall be deposited in the appellate court by the appellant."  Rule 81.16(a).  Other than the referential foundational testimony in the transcript, Mother has provided us no record basis upon which to ascertain the contents of these omitted and non-deposited exhibits.  The omission of a part of the trial record from the record on appeal where we cannot ascertain the substance of the omitted evidence that was properly before the trial court for consideration in entering its judgment makes it impossible for us to draw a rational conclusion that a particular factual finding in that judgment is not supported by substantial evidence.  For example, any conclusion based upon our assumption that both Exhibit 1 (Mother's responses to request for admissions) and Exhibit 2 (Mother's responses to interrogatories) contained no substantial evidence supporting a particular challenged factual finding in the TPR judgment would require us to engage in rank speculation as to the contents of those exhibits.

"Where exhibits are not made a part of the record on appeal, such evidentiary omissions will be taken as favorable to the trial court's ruling and unfavorable to the appeal."  ***City of Kansas City v. Cosic***, 540 S.W.3d 461, 464 (Mo.App. 2018) (internal quotations and citations omitted).  If the record on appeal, as here, provides no reasonable and rational basis to exclude the possibility that an omitted trial exhibit provides substantial evidence supporting a challenged factual proposition, such unfavorable treatment is necessarily fatal to any claim that the challenged factual proposition is not supported by substantial evidence.

*Both Points Relied On are Deficient*

A Rule 84.04(d)(1)-compliant point relied on must "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's

---

[9] Mother's deposit of Exhibit 3 with our court in accordance with these rules indicates that her failure to deposit the remaining trial exhibits was intentional and strategic, rather than inadvertent.

claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). Here, Mother's second point does not comply with Rule 84.04(d)(1)(A), and Mother's second and third points do not comply with Rule 84.04(d)(1)(C).

Mother's second point does not identify "*the* trial court ruling or action" (emphasis added) that she challenges as required by Rule 84.04(d)(1)(A). Rather, Mother's point identifies *multiple* trial court rulings and actions described by her as the trial court's "findings (paragraphs 8., 9., and 10.) of the *factors* allowing it to terminate the parental rights of [Mother][.]" (Emphasis added). While it is unclear whether Mother is challenging the trial court's findings of fact on the four abuse or neglect statutory factors and the four failure to rectify statutory factors, the trial court's findings of the existence of the three statutory grounds for termination, or some combination of both statutory factors and grounds, it is abundantly clear that in any of those scenarios she is challenging multiple independent trial court rulings or actions in a single point. Such a multifarious point is "noncompliant with Rule 84.04(d) and preserve[s] nothing for review." ***Kirk v. State***, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017).

Neither Mother's second point nor her third point explain in any fashion why, in the context of the case, her asserted legal reason—not supported by substantial evidence—supports the claim of reversible error, as required by Rule 84.04(d)(1)(C). This rule requirement is closely tied to the applicable standard of review and, in the context of this case, obligated Mother to explain in summary fashion why the record evidence favorable to the challenged trial court ruling or action was not substantial evidence supporting that ruling. This omission is not only a violation of Rule 84.04(d), but it also precludes us from any meaningful comprehension of Mother's factual challenges within the context of the record evidence in this case. "'A point

14

relied on written contrary to the mandatory requirements of Rule 84.04(d), which cannot be comprehended without resorting to other portions of the brief, preserves nothing for appellate review.'" **Storey v. State**, 175 S.W.3d 116, 126 (Mo. banc 2005) (quoting **State v. Dodd**, 10 S.W.3d 546, 556 (Mo.App.1999)).[10]

*Mother's Arguments have no Analytical or Persuasive Value*

Mother's arguments under both points eschew any attempt to identify any, much less all, of the favorable evidence in the record supporting the existence of any of her challenged factual propositions, as is analytically required to demonstrate that a challenged factual proposition is not supported by substantial evidence. **In Interest of N.L.W.**, 534 S.W.3d 887, 900 (Mo.App. 2017) (citing **Houston v. Crider**, 317 S.W.3d 178, 187 (Mo.App. 2010)). Rather, in both arguments, Mother almost exclusively and entirely asserts and relies upon evidence in the record, matters outside the record, *see* statement of facts discussion on Court Reports, *supra*, and inferences drawn therefrom that are contrary to the existence of the challenged proposition and the TPR judgment. We are required under our standard of review, however, to disregard all evidence and inferences contrary to the judgment. **Houston**, 317 at 186. Because of this requirement,

> any citation to or reliance upon evidence and inferences contrary to the judgment is irrelevant and immaterial to an appellant's point and argument challenging a factual proposition necessary to sustain the judgment as being not supported by substantial evidence. Such contrary facts and inferences provide no assistance to this Court in determining whether the evidence and inferences favorable to the challenged proposition have probative force upon it, and are, therefore, evidence from which the trier of fact can reasonably decide that the proposition is true.

---

[10] In our desire to reach the merits of Mother's claims, however, and as explained *infra*, even our resort to her arguments provided no comprehension or clarity as to the particular nature of her not-supported-by-substantial-evidence claims raised in these two points within the context of the record evidence in the case viewed in accordance with the applicable standard of review.

*Id.* When Mother's arguments are stripped of her asserted evidence, matters outside the record, and inferences contrary to the judgment, virtually nothing remains for us to consider in deciding whether any particular challenged factual proposition is not supported by substantial evidence. From our perspective, it is as if she made no arguments at all.

In the next to the last paragraph of both arguments, Mother apparently seeks to justify her reliance upon evidence and inferences contrary to the TPR judgment. Mother asserts in those paragraphs that the trial court here "should not be provided the deference on factual issues as is normally provided a trial court judge." Mother fails, however, to cite to any legal authority supporting her claim that the trial court here should not be provided deference on factual issues. Rather, the only legal authority she cites related to this proposition is *J.A.R. v. D.G.R.*, 426 S.W.3d 624 (Mo. banc 2014). Presumably, she relies upon *J.A.R.* as support for the deference "normally provided a trial court judge[,]" because our supreme court there stated that "[a]ppellate courts *will* defer to the trial court's credibility assessments. When the evidence poses two reasonable but different inferences, this Court is obligated to defer to the trial court's assessment of the evidence." *Id.* at 626 (emphasis added).[11]

> Moreover, our supreme court in *J.A.R.* found that
>
> Father's argument that the circuit court's findings of neglect are not supported by sufficient evidence fails to recognize the favorable testimony and evidence in the record, glosses over key facts in the record, and focuses on contrary evidence that the circuit court may not have believed. . . . Not only does Father's argument ignore our standard of review,[] it ignores the law that the circuit court can believe all, part, or none of the testimony of any witness.

---

[11] Citation to *J.A.R.* in this context indicates to this court that Mother's counsel, when drafting Mother's brief, was well aware of the applicable standard of review as recited therein, *J.A.R.*, 426 S.W.3d at 626. This awareness raises a substantial question as to whether counsel's omission from Mother's brief of that well-established applicable standard of review, even though required to be included by Rule 84.04(e), as explained *supra*, was intentional and not merely inadvertent. Counsel's choice, nevertheless, to prepare Mother's brief based upon a legally unsupported position contrary to that standard of review tends to support the former rather than the latter.

*Id.* at 631. In reference to the father ignoring the standard of review, our supreme court noted that

> [a]lthough Father identifies a challenged proposition—the finding of neglect—he fails to identify favorable evidence in the record or explain why that evidence and its reasonable inferences are such that the court could not reasonably decide that Father neglected the Children. Without any of this analysis, Father's argument lacks any analytical or persuasive value.

*Id.* at n.12. Similarly, in response to the father's abuse of discretion challenge to the trial court's best-interest determination, our supreme court found that

> Father's argument on this point ignores the testimony and evidence favorable to the circuit court's findings and conclusions and merely recites evidence and purported inferences favorable to his position. Father's failure to consider our standard of review, as with his previous "not-supported-by-substantial-evidence" argument, makes his challenge to the circuit court's best interest findings of no analytical or persuasive value.

*Id.* at 632.

For the same reasons articulated in *J.A.R.*, Mother's arguments here under her second and third points have no analytical or persuasive value.

*Conclusion*

The decisions of the Supreme Court of Missouri are controlling upon this court. Mo. Const. art. V, § 2. Since *Murphy v. Carron* in 1976, our supreme court has required that in a court-tried civil case, the "judgment of the trial court *will be sustained* by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." 536 S.W.2d 30, 32 (Mo. banc 1976) (emphasis added). From this requirement, it logically follows that "[t]he trial court's judgment is presumed valid, and the burden is on the appellant to demonstrate that it is incorrect." *Interest of C.E.B.*, 565 S.W.3d 207, 211 (Mo.App. 2018).

Rule 84.04, mandating and prescribing the contents of an appellant's brief, is designed by our supreme court as the vehicle by which an appellant may attempt to demonstrate to an appellate court that a trial court's judgment is incorrect. Because that rule anticipates and requires reliance upon the applicable standard of review in its application, the construction of an appellant's brief in compliance with Rule 84.04 is necessarily dependent upon and interwoven with that standard of review. An appellant's brief, as here, that omits, ignores, and contravenes the applicable standard of review in the construction of its statement of facts, points relied on, and arguments fails by any measure to substantially or materially comply with Rule 84.04. Mother's non-compliance here is not merely a grouping of several technical rule violations that may be ignored or overlooked by this court. Rather, Mother's Rule 84.04 non-compliant brief provides nothing for us to review within the confines of the applicable standard of review, thereby failing to provide us with any possible legal basis upon which to consider and determine whether she has met her burden to demonstrate that the trial court's judgment is incorrect.[12] Mother's second and third points are denied.

A general observation is in order about substantial evidence factual challenges to a trial court's judgment. An appellant's mere assertion of a substantial evidence challenge to a factual proposition does not satisfy the appellant's burden to demonstrate that the trial court's judgment is incorrect or in any manner shift the burden to a respondent or an appellate court to demonstrate that the challenged factual proposition is so supported and the judgment is therefore correct. In some instances, in response to such challenges and rather than focusing entirely on

---

[12] Although not required because the TPR judgment is presumed correct and it is Mother's burden to demonstrate otherwise, we have, nevertheless, satisfied ourselves *ex gratia* that at least one of the three grounds for termination found by the trial court in that judgment and the best-interest determination therein are supported by substantial evidence in the partial trial record before us, even in the absence of all but one of the documentary exhibits admitted at trial. *See J.A.R.*, 426 S.W.3d at 630 (trial court's judgment will be affirmed if the record supports at least one ground and supports that termination is in the best interest of the children).

the appellant's purported demonstration that the judgment is incorrect based upon that challenge, an appellate court has voluntarily assumed appellant's duty of ferreting out *all* evidence and inferences in the record favorable to the challenged factual proposition, and then demonstrated that the challenged proposition is supported by the record and the trial court's judgment is correct, sometimes with lengthy or extended factual statements. *See, e.g.*, *J.P.B.*, 509 S.W.3d at 92; *Ivie v. Smith*, 439 S.W.3d 189, 200 (Mo. banc 2014); *J.A.R.*, 426 S.W.3d at 630. While that approach is entirely appropriate and serves as a helpful teaching tool for litigants and their counsel, it is not required nor should be expected in response to every such challenge. To be clear, an appellant and his or her counsel should expect and anticipate that appellant's burden to demonstrate that the challenged proposition is not supported by substantial evidence and thereby the judgment is incorrect will fail if the appellant's purported not-supported-by-substantial-evidence demonstration omits material evidence or inferences favorable to the existence of the challenged factual proposition, *Houston*, 317 S.W.3d at 188, or includes and relies upon significant evidence or inferences contrary to the existence of that proposition, *id.* at 186.

## Decision

The TPR judgment is affirmed.


GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs