

# Missouri Court of Appeals

### Southern District

### In Division

Gerald Titus and Anna Titus,  )
)
               Respondents,  )
)
   vs.  )
)  No.  SD38153
)
Scott Dunavant and Lisa Dunavant, as husband and wife, if living,  )
their unknown heirs, devisees, grantees, assignees, alienees,  )  FILED:  June 26, 2024
legatees, personal representatives, guardians, mortgagees, trustees,  )
and legal representatives, and all other persons, corporations, or  )
successors claiming by, through, or under them,  )
)
               Appellants.  )

### APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Aaron Gabrial Koeppen, Judge

## APPEAL DISMISSED

      Scott and Lisa Dunavant ("Appellants") appeal a judgment in favor of Gerald and Lisa Titus ("Respondents") awarding title by adverse possession to a portion of two sub-division lots and a tract of land lying between these lots ("the disputed property").

      In their sole point on appeal, Appellants assert that the trial court misapplied the law in awarding title to the disputed property because Respondents did not actually possess or use the disputed property. However, Respondents argue that Appellants failed to follow the mandatory

briefing requirements of Rule 84.04.[1] Because Appellants do not raise any question of law but assert instead that Respondents failed to establish adverse possession by a preponderance of the evidence, Appellants challenge only the evidence adduced at trial. Having reviewed Appellants' brief and considered Respondents' arguments, we agree that Appellants' failure to comply with Rule 84.04 materially impedes impartial appellate review of this case. Therefore, Appellants' appeal is dismissed.

### *Standard of Review*

Appellants assert that the trial court misapplied the law in awarding title to the disputed property by adverse possession because Respondents did not actually possess or use the disputed property. Appellants seek *de novo* review.

Appellants, however, raise no question of law reviewable under the *de novo* standard. "In reviewing a particular issue that is contested, the nature of the appellate court's review is directed by whether the matter contested is a question of fact or law." *Faatz v. Ashcroft*, 685 S.W.3d 388, 396 (Mo. banc 2024) (internal quotation marks omitted). "This Court applies *de novo* review to questions of law decided in court-tried cases." *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012). "A claim that the judgment erroneously declares or applies the law . . . involves review of the propriety of the trial court's construction and application of the law." *Id.* "When the facts relevant to an issue are contested, the reviewing court defers to the trial court's assessment of the evidence and defers to the trial court's determination of credibility." *Ashcroft*, 685 S.W.3d at 396 (internal quotation marks omitted). "A factual issue is contested if disputed in any manner, including by contesting the evidence presented to prove that fact." *Pearson*, 367 S.W.3d at 44. "Once contested, a trial court is free to disbelieve any, all, or none of the

---

[1] All rule references are to Missouri Court Rules (2023).

evidence, and the appellate court's role is not to re-evaluate testimony through its own perspective." *Id.* (internal quotation marks omitted).

On the other hand, "[w]hen the evidence is uncontested no deference is given to the trial court's findings." *Ashcroft*, 685 S.W.3d at 396 (internal quotation marks omitted).

> Evidence is uncontested in a court-tried case when the issue before the trial court involves only stipulated facts and does not involve resolution by the trial court of contested testimony; in that circumstance, the only question before the appellate court is whether the trial court drew the proper legal conclusions from the facts stipulated . . . . In such cases, the issue is legal, and there is no finding of fact to which to defer.

*Johnson v. State*, 366 S.W.3d 11, 19 (Mo. banc 2012).

Appellants argue that Respondents did not actually possess or use the disputed property. They also assert Respondents did not produce an instrument at trial purporting to convey title to the disputed property and the exhibits indicated the land had not been used. However, this evidence was contested at trial. Gerald Titus testified that he used portions of the disputed property as a parking area, that he exclusively possessed the disputed property without permission, that he had physical possession of the disputed property, and that he maintained monuments on the disputed property. The trial court, as the finder of fact, believed his testimony and found that possession was open and notorious, hostile, continuous, actual, and exclusive. Because the evidence was contested, the trial court was free to believe or disbelieve the evidence presented. *Pearson*, 367 S.W.3d at 44. Although Appellants argue that the trial court erroneously applied the law, they challenge only the evidence adduced at trial and the trial court's findings of fact. Accordingly, Appellants fail to raise a question of law and *de novo* review is not the applicable standard of review.

Because Appellants neither cite nor apply the applicable standard of review, this appeal may be dismissed. The required contents of a brief filed in an appellate court are specified in

Rule 84.04. ***Lexow v. Boeing Co.***, 643 S.W.3d 501, 505 (Mo. banc 2022). These requirements are mandatory. ***Id.***; *see* ***Fowler v. Mo. Sheriffs' Ret. Sys.***, 623 S.W.3d 578, 583 (Mo. banc 2021). Under Rule 84.04(e), "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." "The standard of review is an essential portion of all appellate arguments; it outlines this court's role in disposing of the matter before us." ***Int. of R.R.S.***, 573 S.W.3d 717, 725 (Mo.App. 2019) (internal quotation marks omitted). An argument "unanchored and unmoored to the applicable standard of review" is non-compliant with Rule 84.04(e). ***Id.*** "Although it may sometimes be possible to reach the merits of a claim of error that does not comply with Rule 84.04(e), noncompliance with this rule justifies dismissal of the point." ***Anglin Fam. Inv. v. Hobbs***, 375 S.W.3d 244, 249 (Mo.App. 2012) (internal quotation marks omitted). "While it would be easy enough for this court to determine the applicable standard of review, it is not our duty to supplement the deficient brief with our own research." ***Bennett v. Taylor,*** 615 S.W.3d 96, 99 (Mo.App. 2020) (internal quotation marks omitted).[2]

The briefing deficiencies in Appellants' brief "materially impede impartial appellate review." ***Sprueill***, 676 S.W.3d at 478. While "[i]t is never this court's preference to dismiss an appeal without reaching the merits," ***Waller v. Shippey***, 251 S.W.3d 403, 406-07 (Mo.App. 2008), "[s]ubstantial compliance with Rule 84.04 is mandatory because compliance with the rule

---

[2] Even if Appellant's argument could be liberally construed to include a substantial evidence challenge or an against-the-weight challenge, Appellant's brief does not "follow the required sequences for these two issues." ***Sprueill v. Lott***, 676 S.W.3d 472, 478 (Mo.App. 2023). A substantial evidence challenge requires the challenger to "identify a challenged factual proposition," "identify all the favorable evidence in the record supporting the existence of that proposition," and "demonstrate why the favorable evidence . . . does not have probative force upon the proposition . . . ." ***Id.*** (internal quotation marks omitted). An against-the-weight challenge requires the challenger to follow a similar framework. *See* ***id.*** Because Appellant does not attempt to follow these frameworks, we cannot become Appellant's advocate by "speculating on facts and arguments which have not been asserted." ***U.S. Bank Nat'l. Ass. v. Christensen***, 541 S.W.3d 16, 20 (Mo.App. 2018) (internal quotation marks omitted).

ensures that the appellate court does not act as an advocate for the party by speculating on facts and arguments that were not asserted." *Christensen*, 541 S.W.3d at 20 (internal quotation marks omitted). "Reaching the merits would require considerable advocacy on our part and would thereby increase the likelihood of reaching the wrong decision and generating questionable precedent." *Waller*, 251 S.W.3d at 407. Accordingly, this appeal is dismissed.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS