*Missouri Court of Appeals*
*Western District*


BRANDON MCNEESE,      )
     )    **WD85812**
     **Appellant,**      )
**v.**      )    **OPINION FILED:**
     )
**JOHN WHEELER, ET AL.,**      )    **October 31, 2023**
     )
     **Respondents.**      )
     )

### Appeal from the Circuit Court of Cole County, Missouri
### The Honorable Daniel Green, Judge

### Before Division One:  Edward R. Ardini, Jr., Presiding Judge, Anthony Rex Gabbert, Judge, and Thomas N. Chapman, Judge

Brandon McNeese ("McNeese") appeals the judgment of the Circuit Court of Cole County, which granted a motion to dismiss filed by Defendants John Wheeler ("Wheeler") and Cole County Sheriff Department (together with Wheeler, "Defendants") on a two-count "Petition for Negligence" filed by McNeese.  Due to significant briefing deficiencies, which impede our review of the case, the appeal is dismissed.

### Background

On January 19, 2022, McNeese filed a two-count "Petition for Negligence" in the Circuit Court of Cole County.  McNeese named Wheeler as a defendant in his individual

and official capacity. McNeese also named the Cole County Sheriff Department as a defendant. McNeese alleged that, on or about November 25, 2019, he was shot in the shoulder while in the custody of the Cole County Jail, and that Wheeler and Cole County Sheriff Department were charged with enforcing the rules of the Cole County Jail. The factual basis underlying the shooting as alleged in the petition was that: "Plaintiff was located in pod and two individuals walked into pod, there after it was brought to Cole County Jail that Plaintiff had been shot." Count I asserted a negligence claim against Wheeler and Cole County Sheriff Department. Count II asserted "negligent training and supervision" against Cole County Sheriff Department.

Defendants filed an answer to the petition, and asserted numerous affirmative defenses. Defendants then filed a motion to dismiss, which asserted that McNeese's petition should be dismissed for multiple alternative reasons. The motion to dismiss asserted that McNeese's petition was barred by the doctrine of *res judicata* because McNeese had previously filed a prior petition, which had been dismissed with prejudice.[1] The motion to dismiss also asserted that Wheeler was entitled to official immunity and that the public duty doctrine barred McNeese's claims against Wheeler such that dismissal was proper. The motion to dismiss also asserted that defendant Cole County Sheriff Department was not an entity capable of being sued.

---

[1] Prior to filing suit on January 19, 2022, McNeese had apparently previously filed a negligence suit against Cole County Jail in the Circuit Court of Cole County in October of 2020. This prior suit had sought damages for negligence based on the same injury alleged to have been sustained on November 25, 2019. This prior suit was dismissed with prejudice. Defendants attached to the motion to dismiss the petition and judgment in the prior case.

2

On October 25, 2022, the circuit court entered judgment, dismissing the case with prejudice. The circuit court found that the case "should be dismissed for the reasons explained" in the Defendants' motion to dismiss.

McNeese appeals to this court.

## Briefing Deficiencies

McNeese's appellate brief contains numerous violations of Rule 84.04, fails to sufficiently apprise this court or the opposing party of the arguments made on appeal, and impedes our review of this appeal. Accordingly, the appeal is dismissed.

Rule 84.04 sets forth requirements regarding the contents of appellate briefs. "Rule 84.04's requirements are mandatory." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022) (citation omitted). Although it is our preference to decide cases on the merits, excusing technical deficiencies, it is improper to consider a brief "so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal." *Id.*

Rule 84.04(c) governs the requirements of a statement of facts in an appellate brief. It provides, in part: "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. All statement of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Rule 84.04(c). "For every individual statement of fact, a specific page reference is required." *Lexow*, 643 S.W.3d at 508. "The primary purpose of the statement of facts is to afford an immediate, accurate,

3

complete and unbiased understanding of the facts of the case." *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018) (internal quotations omitted). Rule 84.04(c)'s requirements "serve to define the scope of the controversy and afford the appellate court an immediate, accurate, complete and unbiased understanding of the facts of the case." *Stickley v. Auto Credit, Inc.*, 53 S.W.3d 560, 562 (Mo. App. W.D. 2001). "Failure to conform the statement of facts to the requirements of Rule 84.04(c) constitutes grounds for dismissal." *Id.*

In this matter, McNeese's statement of facts is clearly deficient. McNeese's statement of facts fails to provide references to the record on appeal in violation of Rule 84.04(c). Further, McNeese's statement of facts is substantively deficient in that it fails to provide an account of the background facts relevant to this appeal. It provides no indication of what issues were argued or decided below giving rise to this appeal and makes no serious attempt to apprise the court of the basic background information regarding the issues on appeal. It makes no mention of the prior petition which had previously been dismissed with prejudice, and was apparently one of the bases for dismissal. Quite simply, the statement of facts fails to present "the facts relevant to the questions presented for determination[.]" Rule 84.04(c). This statement of facts does not substantially comply with Rule 84.04(c), rendering McNeese's appeal subject to dismissal.

McNeese's point relied on is also deficient. "The function of points relied on is to give notice of the precise matters which must be contended with and to inform the court

4

of the issues presented for review." *Lexow*, 643 S.W.3d at 505 (brackets and citation

omitted). "A point relied on that does not state 'wherein and why' the trial court or

administrative agency erred does not comply with Rule 84.04(d) and preserves nothing

for appellate review." *Id.* (brackets and citation omitted). Rule 84.04(d) provides

requirements for points relied on. Rule 84.04(d) provides:

> (1) Where the appellate court reviews the decision of a trial court, each
> point shall:
> (A) Identify the trial court ruling or action that the appellant challenges;
> (B) State concisely the legal reasons for the appellant's claim of reversible
> error; and
> (C) Explain in summary fashion why, in the context of the case, those legal
> reasons support the claim of reversible error.

> The point shall be in substantially the following form: "The trial court erred
> in [*identify the challenged ruling or action*], because [*state the legal
> reasons for the claim of reversible error*], in that [*explain why the legal
> reasons, in the context of the case, support the claim of reversible error*]."

> McNeese's sole point on appeal states:

> This appeal arises from a single point of error. The trial court erred in the
> Order and Judgment dismissing Plaintiff's claim that Defendant was
> negligent by allowing a gun to be brought into the jail that was ultimately
> used to shoot the appellant and when the trial court determined that the
> Defendant was not liable for the actions of his employees because his
> actions were discretionary and not ministerial.

McNees's point does not adhere to the requirements of Rule 84.04(d) in that it

fails to indicate precisely what McNeese is arguing, and why, in the context of the case,

his point sets forth a claim of reversible error. The point relied on indicates that McNeese

takes issue with the dismissal of his claim and that he takes issue with an apparent

determination that a defendant's actions were discretionary, but provides no indication of

his argument as to why, in the context of the case, he is asserting that these determinations were error. This point relied on fails to apprise this court or the opposing party of the precise matters that McNeese is arguing on appeal. This problem is compounded due to his point relied on having followed a deficient statement of facts, as McNeese's brief failed to provide to this court, in either the statement of facts or the point relied on, any indication of what was argued below or what was decided and why. His point relied on does not address the fact that there were multiple defendants named in his petition, or the fact that the motion to dismiss made different arguments regarding dismissal with respect to those different defendants.

The trial court found that dismissal was proper based on multiple, independent grounds argued in the Defendants' motion to dismiss. When a petition is dismissed on multiple independent grounds, an appellant must challenge each of those grounds in separate points on appeal. "Failure to challenge on appeal all articulated grounds for the court's ruling is fatal to the success of the appeal." *KDW Staffing, LLC v. Grove Constr., LLC*, 584 S.W.3d 833, 838 (Mo. App. W.D. 2019) (quoting *Eckel v. Eckel*, 540 S.W.3d 476, 489 (Mo. App. W.D. 2018)). However, McNeese fails to set forth points on appeal asserting error with each of those multiple, independent grounds. Additionally, his point on appeal does not make clear which of the two defendants his point on appeal addresses.

The argument section of McNeese's brief is also deficient. An argument section of a brief "must provide sufficient analytical support for the claim of reversible error." *Hicks v. Northland-Smithville*, 655 S.W.3d 641, 649 (Mo. App. W.D. 2022). "An

6

argument must explain why, in the context of the case, the law supports the claim of reversible error. It should advise the appellate court how the principles of law and the facts of the case interact." *Id.* (quoting *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo. App. E.D. 2007)). Rule 84.04(e) provides requirements for an argument section of an appellate brief and requires that factual assertions in the argument be supported by specific page references to the record on appeal. McNeese fails to provide citations to the record in his argument section in violation of Rule 84.04(e). McNeese's argument section also fails to make a legitimate attempt to set forth precisely what was argued or decided below, a problem which is compounded by the deficiencies in the previous sections of his brief.

Further, McNeese's argument section strays from the error claimed in his point relied on. Rule 84.04(e) provides that "[t]he argument shall be limited to those errors included in the 'Points Relied On.'" Despite there being no mention of *res judicata* or prior petitions or proceedings in his statement of facts or in his point relied on – either directly or referentially – McNeese begins his argument section discussing *res judicata*. Later, his argument section discusses exceptions to sovereign immunity without providing any indication as to why such arguments are relevant. In any case, "[e]rrors raised in the argument portion of a brief but not raised in the points relied on need not be considered by this Court." *State v. Lammers*, 479 S.W.3d 624, 636 n.13 (Mo. banc 2016).

McNeese's initial appellate brief was stricken for failure to comply with Rule 84.04. McNeese was given the opportunity to review Rule 84.04 and comply with the

7

briefing requirements in an amended brief. McNeese was even given specific explanation of certain ways that his brief failed to comply with Rule 84.04's requirements, such as, for example, his lack of citation to specific pages in the record on appeal in his statement of facts and argument section. Nevertheless, McNeese, in filing his amended brief, failed to address even those deficiencies which were expressly set forth in an Order and Notice that was provided to him when his initial brief was stricken.

The numerous deficiencies in McNeese's briefing impede our review of his appeal, fail to provide notice to this court or the opposing party of the precise nature of his arguments, and prevent us from reaching the merits of his appeal.

**Conclusion**

The appeal is dismissed.[2]

_____
Thomas N. Chapman, Judge

All concur.

---

[2] The pending motion to dismiss is denied as moot.